THE PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENTS,
*v.* FRANCISCO XAVIER BONILLA, APPELLANT.

ALLEGATION OF MALICE IN AN INDICTMENT FOR MURDER.—In an indictment for murder, the allegation of "express malice" is unnecessary, and, if made, need not be proved in order to justify a verdict of guilty in the first degree. The proper allegation is of "malice aforethought."

CRIMINAL PRACTICE.—The practice of designating in a judgment of death, a day for carrying it into effect is not in keeping with the provisions of the Criminal Practice Act. The day should be designated in the warrant and not in the judgment.

IDEM.—If the judgment of death be not executed, from any cause, on the day appointed, it is competent for the Court rendering the same to appoint another day for the carrying the same into execution.

APPEAL from the District Court of the First District, County of Santa Barbara.

The case is stated in the opinion.

*Coffroth & Spaulding,* for Appellant.

*Jo Hamilton,* Attorney General, for Respondents.

SANDERSON, J. delivered the opinion of the Court:

The defendant was tried upon an indictment for murder in September, 1868, and convicted of murder in the first degree. The indictment charged that the homicide was committed " with *premeditation* and with malice aforethought," and the Court refused to give the following instruction : "In order to convict the defendant of murder in the first degree, under an indictment which alleges a *premeditated design* to effect the

death of the person killed, the premeditated design or express malice must be proved, although the act be also charged to have been done with malice aforethought."

A motion for a new trial was denied on the 30th of the same month, and on the same day judgment of death was rendered, to be executed, as therein provided, on the 28th day of November, 1868. On the 24th day of November, 1868, the Governor, by an order to that effect, suspended the execution of the judgment until the 8th day of January, 1869. Up to and on the 8th day of January, 1869, no warrant for the execution of the judgment had been issued, and on that day the District Attorney made application to the Court, showing the foregoing facts, and moved that the defendant be brought into Court for the purpose of enquiring into the matter. This motion was allowed, and the defendant was brought into Court, and, upon examination, it appearing that the judgment entered on the 30th of September was still in force, and that there was no longer any legal reason why it should not be executed, the Court made an order that the Sheriff should execute the judgment on the 28th day of January, 1869.

Two points are made in behalf of the appellant : First— That the refusal to give the instruction, which has been quoted above, was error ; and, Second—That the order of the 8th of January, 1869, was irregular and void.

The instruction was properly refused. Malice is of two kinds—express and implied—and either equally supports a verdict of guilty in the first degree ; and this rule of law cannot be affected by an allegation in the indictment of express malice. Such an allegation is unnecessary, and, if made, need not be proved, in order to justify a verdict of guilty in the first degree. The proper allegation is of "malice aforethought," and malice aforethought is either express or implied. (Statute in Relation to Crimes and Punishments, Sections 19, 20, 21.)

The practice of designating in a judgment of death a day for carrying it into effect is not in keeping with the provisions of the Criminal Practice Act. The day should be designated in the warrant, and not in the judgment. Section

466 provides that: "When judgment of death is rendered, a warrant signed by the Judge and attested by the Clerk, under the seal of the Court, shall be drawn and delivered to the Sheriff; it shall state the *conviction* and *judgment,* and *appoint a day* on which the judgment shall be executed, which shall not be less than thirty nor more than sixty days from the time of the judgment." Had this practice been observed there would have been no occasion for the course which was adopted in this case. The Sheriff would have had the warrant at the time he received the order of the Governor suspending its execution. He would then have delayed until the time appointed by the Governor (the 8th of January, 1869) and then proceeded with the execution of the judgment, unless stayed by a further order from the Governor, or some other person having the requisite power. But while this would have been the more regular and better practice, it does not follow that the course which was adopted was illegal. On the contrary, such a course became proper, if not necessary, for the reason that the regular course had not been taken, and is allowed by the 478th and 479th Sections of the statute, which provides as follows :

"478. If, for any reason, a judgment of death shall not have been executed, and the same remain in force, the Court in which the conviction was had, on the application of the District Attorney, shall order the defendant to be brought before it, or, if he be at large, a warrant for his apprehension may be issued.

"479. Upon the defendant being brought before the Court, it shall enquire into the facts, and if no legal reason exist against the execution of the judgment, shall make an order that the Sheriff of the proper county execute the judgment at the time specified therein, and the Sheriff shall execute the judgment accordingly."

In view of the fact that the Judge and Clerk had failed to draw and deliver a warrant to the Sheriff, as provided in the 466th Section, it was, at least, proper, and, perhaps, necessary, to follow the course dictated in these provisions of the statute.

Judgment affirmed.

RHODES, J., expressed no opinion.

[The importance of the subject discussed in the following opinion, together with the fact that its conclusions received the sanction of a majority of the Judges, justifies, if it does not render it incumbent upon, the Reporter, to include it among the decisions of the Supreme Court.]