# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

## STATE OF NEVADA.

### JULY TERM, 1874.

---

THE STATE OF NEVADA, Respondent, *v.* WILLIAM
SUMMERS, Appellant. [No. 1.]

FIXING TIME OF EXECUTION NOT PART OF JUDGMENT IN CAPITAL CASE. A
judgment of conviction of murder in the first degree, which fixes a time for
the execution of the sentence more than sixty days from its date, contrary
to the statute, is not therefore void; for the reason that such fixing of time
is not properly a part of the judgment and may be rejected as surplusage.

DEATH PENALTY—TIME OF EXECUTION FIXED BY WARRANT. Under the criminal
law (Stats. 1861, 484, Sec. 454) it is the warrant and not the judgment,
which fixes the time for executing the death sentence; and the court may
at any time issue the warrant in due form of law.

APPEAL from the District Court of the Second Judicial
District, Douglas County.

The defendant was indicted for the murder of Frank Been,
committed by shooting with a Derringer pistol at Douglas
County on May 6, 1874. He was convicted of murder in the
first degree on May 27. On May 30 judgment was entered
and defendant sentenced to be hanged on July 31, 1874.
He appealed from the judgment.

*M. Tebbs*, for Appellant.

I.   The court below exceeded its jurisdiction in fixing a longer period than sixty days for execution of judgment. Comp. Laws, 525, Sec. 454; *State* v. *Lawry*, 4 Nev. 170.

II.   The court, having fixed the time of execution by the judgment in term, has no authority over it after adjournment. *Suydam* v. *Pitcher*, 4 Cal. 280.

· III.   The warrant must recite the judgment and must conform to the same. The judgment being void the court has no power to issue a warrant for its execution. There being no legal judgment, the appellant is held without authority of law and is entitled to his discharge.

*L. A. Buckner*, Attorney General, for Respondent.

By the Court, WHITMAN, C. J.:

The only point in this appeal is that the judgment is void, because therein a date is fixed for the execution of a sentence of death, more than sixty days from the time of judgment, contrary to the criminal statute. It is needless to inquire what effect, if any, such a mistake would have upon a judgment which might properly include such an order; as by the statute of the State of Nevada it is the warrant and not the judgment which fixes the time for executing sentence of death. Stats. 1861, 484, Sec. 454. *People* v. *Bonilla*, 38 Cal. 699. So it follows that the language objected to in the judgment was mere surplusage, which may and should be disregarded, and that the court may at any time issue its warrant in due form of law. Stats. 1861, 485, Secs. 466–467. *People* v. *Bonilla*, 38 Cal. 699.

Let the judgment be modified by striking therefrom all matter relating to the time of execution; and let a remittitur issue immediately.