In re Fuller.

---

34  581
46  443

IN RE FULLER.

[FILED MAY 18, 1892.]

1. Penitentiary Imprisonment: TERM DATES FROM SENTENCE. Under section 518 of the Criminal Code the term of imprisonment of one sentenced to the penitentiary dates from the sentence and not from the delivery of the prisoner to the warden of the penitentiary.

2. ———: UNDER THE "GOOD TIME ACT," where the sentence does not exceed two years, and no charges are registered against the prisoner, he is entitled to a deduction of one-sixth of the term of imprisonment, viz., two months for the first and second years, and in the same proportion for fractional parts thereof.

ORIGINAL application for a writ of *habeas corpus.*

*Reese & Gilkeson,* for petitioner.

MAXWELL, CH. J.

The relator presents a petition for a writ of *habeas corpus* as follows:

" That he is unlawfully deprived of his liberty by Dan Hopkins, the warden of the state penitentiary in the county of Lancaster, in this state, and alleges the facts in regard to such detention to be: That on the 8th day of May, A. D. 1890, in a cause then pending in the district court of Lancaster county, Nebraska, wherein the state of Nebraska prosecuted your petitioner upon an information for the crime of forging a check for the payment of the sum of $15, and wherein the state of Nebraska was plaintiff and your petitioner was defendant, the said state recovered a judgment of conviction against your petitioner, by which it was adjudged that your petitioner should be confined in the state penitentiary at hard labor for the term of fourteen months, and that sentence was pronounced against him on said day by said court, your petitioner being then and on said day, and at said time, personally present in said court, and its officer, the sheriff of said Lancaster county, and that he has ever since said time been deprived of his liberty and confined in prison by virtue of said judgment and sentence; that said judgment and sentence was rendered and imposed upon him upon his plea of guilty to said charge, and the said sentence has never been stayed nor suspended, nor has the full operation thereof ever been impeded or interfered with by any act or procurement of your petitioner; that by the law of this state your petitioner has, on account of his good behavior and meritorious conduct while in said prison, been, and is entitled to, and is credited with a commutation of time and

In re Fuller.

which has been duly allowed to him by the proper officers of said penitentiary; that he has performed in a faithful manner the duties assigned to him in an orderly and peaceable manner; that he has no infraction of the rules or regulations of the penitentiary or laws of the state recorded against him, and is credited with a diminution of time from his sentence of two months and ten days, thus reducing his time of service during which he can be lawfully held in said prison to eleven months and twenty days, and on the 28th day of April, 1891, which time has long since elapsed, his term of imprisonment expired, and your petitioner has long since, to-wit, on the said 28th day of April, 1891, fully served the sentence imposed upon him by the judgment of said court, and said term of imprisonment has completely expired and he is entitled to his liberty, yet he is, and has been since said 28th day of April, 1891, unlawfully imprisoned and deprived of his liberty by the said warden. Your petitioner alleges that the reason assigned for his said unlawful detention by said warden is based upon the following facts, to-wit: Notwithstanding your petitioner was sentenced to said term of imprisonment on the 8th day of May, 1890, as is shown by a duly certified copy of said judgment and sentence which is hereto attached, marked Exhibit 'A' and 'B,' and made a part hereof, and the commitment was issued on that day, a copy of which is hereto attached and marked 'B,' and made a part thereof, and that the term of imprisonment in execution of said sentence began to run on said day, yet the sheriff and keeper of the county jail of Lancaster county, without the consent, procurement, fault, fraud, or wrong of your petitioner, placed him in close confinement in the jail and the cell thereof, and so kept him in said close confinement, under and by virtue of said sentence, and under no other warrant, commitment, or authority, until the 7th day of June, 1890, before delivering him into the actual custody of said warden within the walls of

the said penitentiary, notwithstanding this said jail where your petitioner was, was within two miles of the said penitentiary, and for that reason the said warden of the penitentiary, without the consent of your petitioner, proposes to, and unless your petitioner is released by the judgment of this court will, confine your petitioner for the full time of eleven months and twenty days from and after the said 7th day of June, 1891. Your petitioner submits that since the said 8th day of May, 1891, he has been so confined and deprived of his liberty by virtue of the said judgment and sentence alone, and by no other warrant, commitment, or authority, and that the sheriff has no jurisdiction, right, or authority to extend the term of your petitioner's imprisonment under said judgment and sentence, for one month or any length of time, by imprisoning him in said jail, or in any other place or manner. Copies of the certificate of said warden of the penitentiary certifying to the commutation of time and diminution of sentence, as well as his receipt of the body of your petitioner, are hereto attached marked Exhibit 'C' and 'D,' and made a part hereof. Your petitioner further prays that a writ of *habeas corpus* may be issued and that he may be discharged from said unlawful imprisonment."

The petition is accompanied by exhibits showing that the sentence was imposed on the 8th day of May, 1891, for the imprisonment of the relator in the penitentiary for fourteen months, and a certificate of the warden of the penitentiary that no charge of misconduct has been sustained against the prisoner.

Sec. 378 of the Criminal Code provides: "The cost of keeping and maintaining any prisoner after his conviction of any offense punishable by imprisonment in the penitentiary, wherever he may be kept and confined, shall be paid by the state, according to the rate which may be established by law at the time such services may be rendered or expenses incurred; *Provided,* The rate so established shall

not be construed to apply to any contract which the governor may make for the confinement of convicts in the penitentiary of a state."

Sec. 518 provides that "Every person sentenced to the penitentiary shall, within thirty days, and as early as practicable after his sentence, unless the execution thereof be suspended, be conveyed to the penitentiary of this state by the sheriff of the county in which the conviction took place, and shall there be delivered into the custody of the warden of said penitentiary, together with a copy of the sentence of the court ordering such imprisonment, there to be safely kept until the term of his confinement shall have expired, or he shall be pardoned. If the execution of the sentence be suspended, and the judgment is afterwards affirmed, the defendant shall be conveyed to the penitentiary within thirty days after the court shall direct the sentence to be executed."

It will thus be seen that the term of imprisonment dates from the time of sentence, but the officer has thirty days in which to deliver the prisoner to the warden of the penitentiary. Sec. 569 of the Criminal Code provides: "That every convict who is now or who may hereafter be confined in the Nebraska penitentiary, and who shall have no infraction of the rules or regulations of the penitentiary or laws of the state recorded against him, and who performs in a faithful manner the duties assigned to him in an orderly and peaceable manner, shall be entitled to the diminution of time from his sentence as appears in the following section, and *pro rata* for any part of a year where the sentence is for more or less than a year: Of two months on the first year; of two months on the second year; and three months on the third year; of four months on the fourth year, and the like diminution of time for each succeeding year of time of their sentence." Under these provisions one-sixth of the time of sentence is to be deducted from the whole term when it does not exceed two years

and no charge is recorded against the prisoner. His sentence therefore expired on the 28th day of April, 1891, and he is entitled to his discharge. The prisoner is therefore discharged.

JUDGMENT ACCORDINGLY.

THE other judges concur.