MARY C. RIGGS, APPELLANT, V. JESSE A. SUTTON, SHERIFF, APPELLEE.

FILED MAY 23, 1925. No. 24540.

1. Criminal Law: SENTENCE. Where no time is fixed by statute for the beginning of a sentence of imprisonment in a criminal case, it does not, ordinarily, begin until the prisoner is taken into custody by, or offers to surrender himself to the custody of, the proper officer.

2. ———: ———. The time for the beginning of a sentence of imprisonment in a criminal action is not an essential part of

Riggs v. Sutton.

the judgment. The essential element in such a judgment is the kind and amount of punishment, without reference to when it is to be inflicted.

3. ———: ———. When a defendant in a criminal action has been convicted and sentenced ·to a term of imprisonment, and a warrant of commitment has been issued, and delay occurs .before it is executed, if defendant asks for or acquiesces in the delay, then the time which elapses before he is actually taken into custody will not be regarded as a part of the sentence.

APPEAL from the district court for Antelope county: ANSON A. WELCH, JUDGE. *Affirmed.*

*Lyle E. Jackson* and *Letton, Brown & Dibble,* for appellant.

*O. S. Spillman, Attorney General, Lee Basye* and *Ralph M. Kryger,* contra.

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS, JJ., REDICK, and SHEPHERD, District Judges.

GOOD, J.

The wife of Warren Riggs brought *habeas corpus* proceedings, seeking the discharge of her husband from the custody of the sheriff. The trial court overruled a demurrer to the sheriff's return to the writ, and rendered judgment of dismissal. Petitioner appeals.

From the petition and return to the writ, it appears that on December 8, 1923, in a prosecution for unlawfully keeping for sale intoxicating liquor, Riggs was found guilty and, on the overruling of his motion for a new trial, the following order was entered:

"It is therefore ordered, adjudged and decreed by the court that the defendant, Warren Riggs, be confined in the common jail of Antelope county, Nebraska, for a period of sixty (60) days and that the defendant, Warren Riggs, pay the costs of prosecution. Thereupon the court gave the defendant forty (40) days in which to submit a bill of exceptions, said defendant having given notice of his intention to apply for a writ of error, and the court fixed supersedeas bond 'in the sum of $500, and it is further ordered that upon

the defendant giving said supersedeas bond in the sum of $500 that the execution of the sentence heretofore pronounced be suspended."

Riggs did not give the supersedeas bond and did not prosecute error from the judgment of his conviction. The order for suspension of execution of sentence was conditioned upon the giving of a bond. The condition was never complied with, so there was never any valid suspension of sentence.

Section 10197, Comp. St. 1922, makes it the duty of the court, when one has been convicted of a criminal offense, to order the defendant into the custody of the sheriff and to order the issuance to him of a warrant for defendant's commitment; thereupon, the sheriff should immediately execute the warrant. The court, did not, however, order the defendant into the custody of the sheriff, and no warrant of commitment was issued until the 13th day of September, 1924, and long after the term of defendant's incarceration would have expired, if it had begun on the day of sentence. It also appears that after the warrant of commitment was delivered to the sheriff he was requested by Riggs, the defendant, to delay execution of the warrant because of illness in the family of Riggs and because the latter needed time in which to harvest his crops. Finally the sheriff, at a time not definitely disclosed by the record, took Riggs into custody, and thereupon this proceeding was begun to obtain his discharge. Petitioner contends that Riggs' sentence began to run from the date sentence was pronounced and expired 60 days thereafter, though he may have suffered no actual imprisonment, and that, therefore, his incarceration at a later date is without legal authority.

A number of cases from this and other jurisdictions are cited and relied upon to sustain petitioner's position. The cases cited and relied upon from this jurisdiction are *In re Fuller*, 34 Neb. 581, and *McGinn v. State*, 46 Neb. 427.

In the *Fuller* case it was held that "the term of imprisonment of one sentenced to the penitentiary dates from the sentence and not from the delivery of the prisoner to the

Riggs v. Sutton.

warden of the penitentiary." In determining what effect should be given to the language used in the opinion, consideration should be given to the facts then before the court. Fuller had been convicted of an offense and sentenced to 14 months' imprisonment in the penitentiary. From the date of the sentence he was in custody and imprisoned in the county jail, where he remained for some weeks before being transported to the penitentiary. The warden of that institution refused to discharge Fuller from imprisonment at the expiration of 14 months from the date of sentence, allowing for good time earned, and contended that the time elapsing between the date of sentence and the receiving of the prisoner at the penitentiary should not be counted as a part of the term of imprisonment. The only question properly before the court and decided in the case was that the time Fuller was in the county jail, awaiting transportation to the penitentiary, should be counted as a part of his sentence. The *Fuller* case is cited in the *McGinn* case, but the latter is not a similar case and has no bearing upon the question in controversy. There are a number of decisions cited from other jurisdictions which support the contention of petitioner. Among them are the following: *In re Markuson*, 5 N. Dak. 180; *In re Webb*, 89 Wis. 354, 27 L. R. A. 356.

We are of the opinion that the better view, the one supported by the stronger reason and the greater weight of authority, is that, in the absence of statute fixing the time when a sentence of imprisonment in a criminal action shall begin, it does not begin until the defendant is taken into custody or offers to surrender himself to the custody of the proper officer, and that, when a warrant of commitment has been issued and delay occurs before its execution, if defendant asks for or acquiesces in the delay, then he cannot take advantage of it. The time for executing a sentence of imprisonment, or for commencement of its execution, is not an essential element of the sentence. The essential part of the sentence is the punishment, including the kind and amount thereof, without reference to the time that it is to be inflicted.

A discussion of the question here involved may be found in 8 R. C. L. 259, sec. 267, in the following language: "The judgment is the penalty of the law, as declared by the court, while the direction with respect to the time of carrying it into effect is in the nature of an award of execution. Where the penalty is imprisonment, the sentence of the law is to be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or by some legal authority. Therefore, the expiration of time without imprisonment is in no sense an execution of the sentence. Accordingly where the judgment and sentence is imprisonment for a certain term, and from any cause the time elapses without the imprisonment being endured, it will still be a valid, subsisting, unexecuted judgment. And where a convict is permitted to absent himself from prison the time when he is absent is no part of the sentence. And therefore where a convicted defendant is at liberty and has not served his sentence, if there is no statute to the contrary, he may be arrested as for an escape, and ordered into custody on the unexecuted judgment, and the result is the same if he escapes to another jurisdiction and is brought back, though by illegal means."

A case very similar to the one under consideration is that of *Miller v. Evans*, 115 Ia. 101. There the sentence was for a term in the county jail and the sheriff neglected to execute the mittimus until after the term of defendant's incarceration would have expired, had it begun on the day of sentence, and it was held "that the expiration of the time without imprisonment would not be considered in satisfaction of the judgment—the time at which the sentence is to be carried out being directory, and not a part of the judgment—and a subsequent commitment to jail was authorized." Other authorities sustaining the views herein expressed are: *Ex parte Eldridge*, 3 Okla. Cr. Rep. 499, 27 L. R. A. n. s. 625; *State v. Cockerham*, 24 N. Car. 204; *State v. Abbott*, 87 S. Car. 466; *Neal v. State*, 104 Ga. 509, 42 L. R. A. 190; *Gray v. State*, 107 Ind. 177; 16 C. J. 1335, sec. 3142.

It is apparent that Riggs has not suffered the punishment which his offense merited, and which was adjudged against him. It would be a mockery to hold that the mere neglect of ministerial officers to enforce the judgment of a court could annul it and hold it for naught. The court itself was powerless, after the expiration of the term, to set aside or suspend the judgment rendered, and, if petitioner's contention should be sustained, it would permit a ministerial officer to do what the court itself is not authorized to do. It would permit ministerial officers, through neglect or for any other reason, to nullify the judgment of the court and render the criminal law without force or effect. We are satisfied that the trial court properly refused to discharge Riggs from the custody of the officer until he had served his sentence in jail.

The judgment of the district court is

AFFIRMED.