WALTER RAY SIMMONS, APPELLANT, V. WILLIAM T. FENTON, WARDEN, APPELLEE.

FILED SEPTEMBER 29, 1925.   No. 24995.

1. Criminal Law: REPRIEVES.  Section 13, art. IV of the Constitution, prohibits the governor from granting a single reprieve for a longer period than thirty days, or for a period extending beyond the time of the next meeting of the board of pardons. It does not prohibit the granting of successive reprieves which, in the aggregate, may exceed thirty days.

2. ———: DATE OF EXECUTION.  Where a defendant in a criminal action has been legally sentenced to death and has not been executed at the time fixed in the death warrant, he is not entitled to be discharged from custody on habeas corpus, but a new date for the execution may be fixed by the proper court.

Simmons v. Fenton.

APPEAL from the district court for Lancaster county: MASON WHEELER, JUDGE.  *Appeal dismissed.*

*E. P. Holmes* and *Josiah Coombs,* for appellant.

*O. S. Spillman, Attorney General,* and *Lloyd Dort, contra.*

Heard before DEAN, DAY, GOOD and EBERLY, JJ.

PER CURIAM.

Action in habeas corpus by Walter Ray Simmons against the warden of the state penitentiary, to determine whether petitioner is unlawfully restrained of his liberty by defendant.  From a judgment of dismissal petitioner has appealed.

From the petition and return thereto, it appears that petitioner was convicted in the district court for Boyd county of the crime of murder in the first degree.  The jury, by their verdict, fixed the penalty of death.  The sentence and judgment of the district court followed the verdict.  On error to this court, that judgment was affirmed, and the 23d day of May, 1924, was fixed as the date for petitioner's execution.  *Simmons v. State,* 111 Neb. 644.  Thereafter, petitioner filed in the United States supreme court an application for a writ of *certiorari.*  This application remained pending and undetermined in that court until a short time before the commencement of this action, when the application was denied.

While petitioner's application for a writ of *certiorari* was pending in the United States supreme court, petitioner made application to the governor for reprieves from time to time.  A number of reprieves were granted, the last one of which, by its terms, expires on the 11th day of August, 1925.  It is alleged that a number of these reprieves were signed by the governor while out of the state, and that others were signed in blank and were later filled in by his stenographer or secretary; that all of such reprieves are void, and that after the expiration of the last valid reprieve which was issued no date was then legally fixed for petitioner's execution; that it was not within the power of the governor to fix another date for his execution, and that

petitioner is unlawfully restrained of his liberty. The return denies that any of the reprieves were signed by the governor while out of the state, or that any of them were signed by him in blank and later filled in and issued by any other person.

The defendant has filed a motion to dismiss the appeal on the following, among other grounds, viz.: The petition does not state facts sufficient to constitute a cause of action, and does not set forth sufficient facts as grounds for habeas corpus.

Counsel for petitioner contend that, under section 13, art. IV of the Constitution, the governor is without authority to grant any reprieves that, in the aggregate, exceed a period of thirty days, or extend beyond the time of the next meeting of the board of pardons. That section of the Constitution, *inter alia*, provides: "Provided, however, the governor shall have power to grant respites or reprieves in all cases of conviction for offenses against the laws of the state, except treason and cases of impeachment, but such respites or reprieves shall not extend beyond the next meeting of the board of pardons, and in no case for a greater period than thirty days."

Stress is laid upon the word "case" in the last clause quoted. It is urged that the word means the case or action in which the defendant is convicted of an offense. The contention seeks to put too narrow and restricted a construction upon the language used. The word "case" is evidently used in the sense of "instance," and it was intended to limit the powers of the governor, as to the time of any one reprieve, to a period which should not exceed thirty days, nor extend beyond the time of the next meeting of the board of pardons. It certainly was not intended to prevent the granting of more than one reprieve. It is not reasonable to presume that the constitutional provision, above quoted, would limit the power of the governor so that successive reprieves could not be granted where the exigencies of the case called for more than one reprieve. Petitioner's application to the United States supreme court

for a writ of *certiorari* was pending and undisposed of. The theory that successive reprieves could not be granted until such application had been passed on is untenable. It is also significant that the petitioner, himself, was asking the governor for such reprieves. Can it be possible that he was not acting in good faith in asking the governor to grant such a respite, in the exercise of power given by the Constitution, and that he was asking the governor to do an unlawful thing that he might, himself, later profit by it? We prefer to think that he was asking the governor to do a lawful act, and think that the action of the governor was entirely within the powers conferred upon him.

If, as alleged by petitioner, some of the reprieves had been signed by the governor while he was out of the state, or if some of them had been signed in blank and later filled in by some other person, and such reprieves were void, and the date, legally fixed for petitioner's execution, had passed, still he would not be entitled to be discharged from custody. In such case, the proper court could fix, by a new order, the date for the execution to take place. If the officer charged with the duty of carrying out the death sentence should, by reason of sudden death or illness, be prevented from performing that duty, it would not follow that the defendant would be entitled to a discharge, but his execution might be deferred until a new date had been fixed by the proper court for his execution. See 16 C. J. 1331, secs. 3130-3133, and 29 C. J. 57, sec. 48, and cases therein cited in support of the text. In the instant case, however, it was conceded on argument that the evidence fails to show that any reprieve was signed by the governor while out of the state, or that any of them were signed in blank and later filled in by some other person.

The petition in this case fails to state facts sufficient to show that petitioner is illegally restrained of his liberty, or that he is entitled to be discharged from custody, and the motion to dismiss the appeal is sustained and the appeal

DISMISSED.