WILLIAM W. MERCER, APPELLEE, V. WILLIAM T. FENTON, WARDEN, APPELLANT.

FILED JULY 11, 1930. No. 27529.

*C. A. Sorensen, Attorney General,* and *George W. Ayres,* for appellant.

*Allen & Requartte* and *O. C. Wood, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

DAY, J.

This is a habeas corpus action brought by William W. Mercer against William T. Fenton, warden, to secure his release from the Nebraska state penitentiary. The trial court ordered his release from custody. Mercer pleaded guilty on the 6th day of October, 1924, to the crime of horse stealing in Sioux county, Nebraska, and was sentenced to serve a term in the state reformatory of from one to ten years. On the 27th day of March, 1926, he was paroled. At that time, as a condition precedent to his parole, he entered into a parole agreement by which he bound himself among other things to obey the law and live honestly. On the 14th day of April, 1926, his parole was revoked by the board of pardons for that it appeared to the board that he had stolen two ladies' watches and other jewelry from the home of his employer in Lancaster county, Nebraska, and had departed therefrom for parts unknown. Soon after the revocation of his parole, the board of pardons learned that he was being held in custody in Douglas county upon a criminal charge for an offense alleged to have been committed in that county, and the board of pardons asked for his return to the Nebraska state reformatory as a parole violator. The request for his return was refused by the authorities of Douglas county who wished to hold him for prosecution for the offense committed in that county. On the 6th day of May, 1926, he pleaded guilty to a charge of attempted robbery in the district court for Douglas county and was sentenced to serve a term of three years in the penitentiary for that crime. A dis-

charge from this sentence was issued to him on the 5th day of October, 1928. On the same day the board of control made an order transferring him from the state reformatory for men to the state penitentiary.

There is no substantial dispute in the evidence. The only question involved is whether or not plaintiff, having committed a fresh crime while on parole, sentenced a second time, taken to the penitentiary and required to immediately begin serving his second sentence, can now, after his second sentence has been completed, be compelled to serve the unexpired portion of his first sentence, that is, the Sioux county sentence. The answer to this question necessitates a construction of section 10256, Comp. St. 1922, which reads as follows:

"If any prisoner in the judgment of the board shall violate the conditions of his parole or release as fixed by the board of pardons, he shall thereafter be treated as an escaped prisoner owing services to the state and shall be liable, when arrested, to serve out the unexpired term of his maximum possible imprisonment, and the time from the date of his declared delinquency to the date of his arrest shall not be counted as any portion or part of time served; and any prisoner at large upon parole or conditional release, who shall commit a fresh crime and upon conviction thereof shall be sentenced anew to the penitentiary, shall be subject to serve the second sentence after the first sentence is served or annulled; said second sentence to commence from the termination of his liability upon the first or former sentence."

Mercer was paroled March 27, 1926. His parole was revoked April 14, 1926. It cannot be seriously disputed that at this time Mercer as a parole violator was subject to serve the remainder of his first sentence, which was approximately eight years and six months, in the state reformatory for men. This was his liability to the state of Nebraska, when, on May 6, 1926, he was, upon a plea of guilty to the offense of attempted robbery, sentenced to three years in the state penitentiary. If he had been sentenced as he contends the law required him to be, so

that this second sentence should commence when the first is completed, then his liability to the state was upwards of eleven years. This liability has now been discharged to the extent of the second sentence. The prisoner contends that, since he was not required to first serve the prior sentence, he cannot now be required to discharge to the state that liability for penal servitude. We decline to construe this section to that effect. It is clear that the legislature intended that two such sentences should run consecutively and not concurrently. It directed the manner and order in which these sentences should be served. The second sentence should have commenced when the first had been completed. Under section 10256, Comp. St. 1922, when one is convicted of a felony while a paroled convict, which parole is revoked or revocable, the trial court should set the time for the beginning of the sentence, at the completion of the first sentence. However, we have held that the time for beginning a sentence is not an essential part of the judgment. The essential element in such a judgment is the kind and amount of punishment, without reference to when it is to be inflicted. *Riggs v. Sutton,* 113 Neb. 556. It does not appear in the record that Mercer, at the time of the Douglas county sentence, took any exception to the sentence, or that he ever sought to correct or question it until he filed this application. In the recent case of *State v. Ryder,* 119 Neb. 704, we held: "When sentence is pronounced upon one already serving a sentence from another court, the second sentence does not begin to run until the sentence which the prisoner is serving has expired, unless the court pronouncing the second sentence specifically states otherwise." The second sentence as construed most favorably to the prisoner is merely erroneous. No effort was made by him to correct the error. This proceeding was brought more than a year after the completion of that sentence to release him from the first sentence. By no possible construction of section 10256 can it be held that an erroneous sentence by one court nullifies a prior sentence by another court for a different crime.

Mercer places great reliance upon *King v. Fenton*, 119 Neb. 872. This is due to a mistaken notion as to the facts in that case, which are not stated fully in the opinion. In the case at bar, the board of pardons and paroles was diligent. They promptly revoked his parole with no unnecessary delay and their records are, relative to the matter, complete and unchallenged.

An examination of the record in this case discloses no appealing equities. A paroled convict, who in the short space of forty days, violates his parole agreement by stealing jewelry from his employer and departs for parts unknown, for which his parole is revoked, commits another crime, and is again convicted of a felony, is not entitled to a discharge from the liability of punishment for said violation because the court erroneously required him to first serve the second sentence.

Other questions were argued orally before the court, but are neither discussed in the briefs nor presented by the record. The judgment of the trial court is reversed, and the cause is remanded, with directions to dismiss the application for a writ of habeas corpus.

REVERSED.