HOWARD VERNON, APPELLANT, V. A. W. MILLER, SUPERINTENDENT OF REFORMATORY FOR BOYS, APPELLEE.

FILED OCTOBER 23, 1931. No. 27893.

*J. A. Hayward,* for appellant.

*C. A. Sorensen, Attorney General,* and *George W. Ayres, contra.*

Heard before ROSE, GOOD and DAY, JJ., and MESSMORE and NISLEY, District Judges.

PER CURIAM.

This is a habeas corpus proceeding. The petitioner alleged that he was unlawfully deprived of his liberty and unlawfully kept and detained in the state reformatory, and sought his discharge from that institution. Relief was denied by the district court. Petitioner has appealed.

From the record it appears that, on a plea of guilty to the offense of breaking and entering, petitioner was sentenced to the reformatory for a term of from one to ten years. After serving a part of this sentence he was paroled. While on parole he was convicted of the offense of larceny as bailee, and was sentenced to the penitentiary for a term of 18 months. His parole on the first sentence was revoked. The sentence for the second felony has expired. Petitioner was then remanded to the reformatory to complete the unexpired term of his first sentence.

Petitioner contends that the serving of the term in the penitentiary absolves him from liability to serve the unexpired portion of his sentence to the reformatory. The same question was before this court in *Mercer v. Fenton,* 120 Neb. 191. It was there held:

"Where a sentence for a second offense sets the commencement of imprisonment prior to the completion of a prior sentence by a different court, under which the convict is paroled at the time of the commission of the second offense, it is erroneous, and may be corrected by a proper proceeding.

"Such an erroneous sentence, from which error is not

prosecuted, does not nullify a prior sentence by another court for a different crime."

Petitioner's second sentence shculd have commenced at the expiration of the first sentence. When the second sentence was imposed he was liable to serve the unexpired part of the first, plus the entire term of the second, sentence. It would seem to be immaterial which sentence was first served. The length of penal service would be the same, whether one or the other was first served.

On the authority of *Mercer v. Fenton, supra,* the judgment of the district court is

AFFIRMED.