TIMOTHY IRON BEAR, APPELLANT, v. JAMES M. JONES, WARDEN, NEBRASKA STATE PENITENTIARY, APPELLEE.

32 N. W. 2d 125

Filed April 28, 1948.   No. 32433.

*Charles A. Fisher,* for appellant.

*Walter R. Johnson,* Attorney General, and *Leslie Boslaugh,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

The relator filed a petition in the district court for Lancaster County, Nebraska, for a writ of habeas corpus, naming the warden of the Nebraska State Penitentiary respondent. The relator was convicted of first degree murder by a jury in the district court for Sheridan County, Nebraska. The jury fixed death as the penalty. See § 28-401, R. S. 1943. Motion for new trial and motion in arrest of judgment filed by the relator were overruled September 30, 1947. The relator was sentenced, and judgment pronounced against him the same day, in substance, that he be taken by the sheriff of Sheridan County, Nebraska, to the Nebraska State Penitentiary to be confined until the 30th day of December, 1947, on which date he would be executed, as provided for by law. The relator was thereafter taken to the state penitentiary and held by the warden pursuant to a warrant of death and commitment issued by the clerk of the district court of Sheridan County, on the same date, setting out the judgment and sentence as pronounced by the district court.

On December 3, 1947, the relator filed his petition for writ of habeas corpus in the district court for Lancaster

County, which alleged in substance that he was unlawfully imprisoned and restrained of his liberty by the warden of the Nebraska State Penitentiary and that he would be executed by the warden and deprived of his life without due process of law and in violation of the Constitution of the State of Nebraska and of the Constitution of the United States of America, on December 30, 1947, unless writ as prayed for was granted and relator discharged from his unlawful and void restraint and confinement. The relator further alleged all of the proceedings in the district court for Sheridan County with reference to the trial in the case of State of Nebraska v. Timothy Iron Bear, concluding with the statement that the judgment and sentence of death pronounced by the district court exceeded the jurisdiction of the court and was void for want of authority and of jurisdiction, as was the death warrant and commitment. Relator prayed that he be discharged from imprisonment and restored to his liberty. Writ was issued directing the respondent to produce the relator in the district court for Lancaster County December 5, 1947. At that time respondent filed his return showing that he had custody of the relator under the warrant of death and commitment issued by the clerk of the district court for Sheridan County. Upon hearing, the district court made findings of fact that the judgment and sentence of September 30, 1947, were valid and effective, except such part thereof as directed the execution of the applicant on the 30th day of December, 1947, and remanded the relator to custody of the warden of the Nebraska State Penitentiary to be held there pursuant to the warrant of commitment of September 30, 1947. This order was entered December 6, 1947. Motion for new trial was filed, and overruled on January 12, 1948. Appeal from the foregoing judgment was perfected to this court by the relator.

The appellant, for convenience and clarity, will hereinafter be referred to as the relator.

The relator was not executed on December 30, 1947.

On January 6, 1948, he was taken before the district court for Sheridan County, Nebraska, on motion of the State. The district court fixed May 1, 1948, as the date for execution, and recalled the warrant dated September 30, 1947. A new warrant, dated January 6, 1948, was issued, and the relator was returned to the Nebraska State Penitentiary and is now held therein, pursuant to the warrant dated January 6, 1948.

The relator assigns as error (1) the judgment and sentence pronounced by the Hon. Lyle E. Jackson, judge of the district court, Ninth Judicial District, on September 30, 1947, sentencing and adjudging relator should die on December 30, 1947, was void; (2) the judgment and sentence of September 30, 1947, was without the jurisdiction, power or authority of said judge to pronounce; and (3) the judgment and sentence was unauthorized by law, and in excess of the jurisdiction of the court in original action and the trial judge seeking to impose it.

In this jurisdiction, to obtain a release from imprisonment pursuant to the sentence and judgment in a criminal case it must appear that the sentence and judgment is absolutely void.

In Jackson v. Olson, 146 Neb. 885, 22 N. W. 2d 124, after review of many cases, this court said: "These cases have determined the rules governing the use of the writ of habeas corpus in this state. To release a person from a sentence of imprisonment by habeas corpus, it must appear that the sentence was absolutely void. Habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense, had jurisdiction of the person of the defendant, and the sentence was within the power of the court to impose. Such a judgment is not void. Habeas corpus cannot be used as a substitute for a writ of error. Habeas corpus is a collateral and not a direct proceeding when regarded as a means of attack upon a judgment sentencing a defendant. The regularity of the proceedings leading up to a sentence in a criminal

case cannot be inquired into on an application for a writ of habeas corpus, that matter being assailable only in a direct proceeding. When the judgment is regular upon its face and was given in an action where the court had jurisdiction of the offense and of the person of the defendant, extrinsic evidence is not admissible to show its invalidity."

The relator contends that the Legislature, in a capital case, has made the day on which the execution is to be inflicted and the punishment exacted, an integral, necessary, and controlling part of the judgment and sentence, which provision is mandatory and must be complied with or the sentence and judgment, if not so complied with, will be void. Higlin v. Kaiser, 352 Mo. 796, 179 S. W. 2d 471, is cited.

The cited case involved a predated sentence for the crime of burglary. The sentence, entered on July 14, 1942, contained the words: "Time to begin March 10, 1942." The words were treated as surplusage and the sentence construed as commencing when judgment was entered. The court said: "The time when the sentence commences is controlled by statute and the court does not have power to change it." The court made reference to section 4108, R. S. Mo. 1939, which reads: "When judgment of death is rendered by any court of competent jurisdiction a warrant signed by the judge and attested by the clerk under the seal of the court must be drawn and delivered to the sheriff. It must state the conviction and judgment and appoint a day on which the judgment must be executed, which must not be less than thirty nor more than sixty days from the date of judgment, and must direct the sheriff to deliver the defendant, at a time specified in said order, not more than ten days from the date of judgment, to the warden of the state penitentiary at Jefferson City, Missouri, for execution." The court then said: "Thus we see that only in capital cases did the legislature see fit to make the day on which the

punishment is to be inflicted a necessary part of the judgment in criminal cases.".

. It will be observed that the afore-cited section provides that the warrant must appoint a day for execution. We believe the following cases contain a proper construction of such a statute.

People v. Bonilla, 38 Cal. 699: "The practice of designating in a judgment of death a day for carrying it into effect is not in keeping with the provisions of the Criminal Practice Act. The day should be designated in the warrant, and not in the judgment. Section 466 provides that: 'When judgment of death is rendered, a warrant signed by the Judge and attested by the Clerk, under the seal of the Court, shall be drawn and delivered to the Sheriff; it shall state the *conviction* and *judgment,* and *appoint a day* on which the judgment shall be executed, * * *.'"

This case is cited with approval in People v. Murphy, 45. Cal. 137.

And as stated in State v. Summers, 9 Nev. 269: "A judgment of conviction of murder in the first degree, which fixes a time for the execution of the sentence more than sixty days from its date, contrary to the statute, is not therefore void; for the reason that such fixing of time is not properly a part of the judgment and may be rejected as surplusage.

"Under the criminal law (Stats. 1861, 484, Sec. 454) it is the warrant and not the judgment, which fixes the time for executing the death sentence; and the court may at any time issue the warrant in due form of law."

"The time for executing a sentence of imprisonment, or for commencement of its execution, is not an essential element of the sentence. The essential part of the sentence is the punishment, including the kind and amount thereof, without reference to the time that it is to be inflicted." Riggs v. Sutton, 113 Neb. 556, 203 N. W. 999. See, also, Mercer v. Fenton, 120 Neb. 191, 231 N. W. 807; Ulrich v. O'Grady, 136 Neb. 684, 287 N. W. 81;

People v. Bonilla, *supra*; People v. Murphy, *supra*; State v. Summers, *supra;* Holden v. Minnesota, 137 U. S. 483, 11 S. Ct. 143, 34 L. Ed. 734; 8 R. C. L., Criminal Law, § 229, p. 231; 69 A. L. R., 1177, 1178; 15 Am. Jur., Criminal Law, § 448, p. 108.

"The time designated by the court for executing a sentence of death is not a part of the sentence. It is simply an order prescribing the time when the sentence shall take effect." Ex parte Howard, 17 N. H. 545.

In McGinn v. State, 46 Neb. 427, 65 N. W. 46, this court said: "Although the confinement of the prisoner from the time of sentence until the day of his execution is a practice which has prevailed from time immemorial as a necessary incident to the judgment, it is, strictly speaking, no part thereof, and the power of the court in that regard does not rest upon any positive provision of statute."

There is no statute in this state to make the date of execution an essential part of the judgment and sentence. The date of execution is not a part of the judgment and sentence in a criminal proceeding. The afore-cited authorities are controlling in such respect.

The relator contends that when the trial court set a premature date for execution in violation of section 29-2301, R. S. 1943, the court had no jurisdiction to pronounce a sentence, even though it might have had jurisdiction over the person and subject matter, citing In re McVey, 50 Neb. 481, 70 N. W. 51: "Jurisdiction to pronounce a particular sentence imposed is as essential as jurisdiction of the person and subject-matter. If the first does not exist the sentence is void."

In the above case application was made for writ of habeas corpus wherein the petitioner contended that he was charged with the crime of burglary and the jury convicted him of the crime of breaking and entering in the daytime with intent to steal property of value. He was sentenced to two years in the penitentiary. He claimed that the crime of burglary and that of breaking

and entering in the daytime were distinct offenses, and that conviction of the latter could not be had under charge of the former. This court held that the jury, by its verdict, determined the prisoner not guilty as charged, although it further adjudged him guilty of another crime. The trial court had no jurisdiction to sentence him, and its attempt in that respect was declared illegal and void.

The relator cites Wilson v. State, 117 Neb. 692, 222 N. W. 47. In this case the defendant was charged with first degree murder, entered a plea of guilty in the district court without the aid or intervention of a jury, and was sentenced to 30 years in the state penitentiary. The matter of sentencing for first degree murder is within the discretion of a jury, to inflict life imprisonment or the death penalty. See § 28-401, R. S. 1943. Therefore, in the cited case, the trial court usurped the function of the jury, had no power or authority to fix the penalty, could not legally pronounce it upon the defendant, and its attempt to do so was a nullity and without legal force and effect.

In the instant case, the jury fixed the penalty at death, which it was authorized to do. § 28-401, R. S. 1943. The trial court did fix the day of execution, which it had jurisdiction to do. It is apparent that the cited cases of the relator are not in point. The judgment and sentence, being otherwise valid, did not become void because the trial court fixed a premature date for execution. As hereinbefore stated, the date of the execution is not an essential part of the sentence. As disclosed by the record in the instant case, the relator was in no manner prejudiced by the setting of a premature date for the execution.

"Where a defendant in a criminal action has been legally sentenced to death and has not been executed at the time fixed in the death warrant, he is not entitled to be discharged from custody on habeas corpus, but a new date for the execution may be fixed by the proper court." Simmons v. Fenton, 113 Neb. 768, 205 N. W. 296.

"A warrant of execution of a death sentence generally has no force after the lapse of the time within which it directs the accused to be executed; but the accused is not entitled to his discharge and a new date for the execution may be fixed. * * * The fact that the day of execution has passed without the sentence of death being executed * * * does not entitle the accused to his discharge, and the court may, * * * designate another day for the execution of the sentence. This is a mere fixing or resetting of the day of execution under the original judgment, and is not the pronouncement or rendition of a new judgment." 24 C. J. S., Criminal Law, § 1614, p. 166. See, also, Simmons v. Fenton, *supra;* 15 Am. Jur., Criminal Law, § 513, p. 162.

It is well-settled that permitting the day fixed for execution to pass without carrying out the sentence has the effect of furnishing only temporary immunity from execution. The sentence of death still remains and a new day may be appointed to carry out the sentence. See Mallory v. Chapman, 158 Ga. 228, 122 S. E. 884, 34 A. L. R. 310, and annotation p. 314. See, also, 2 Hawk. P. C., c. 51, § 1, p. 656; Ex parte Cross, 20 D. C. 573; 16 C. J., Criminal Law, § 3133, p. 1331.

The relator contends that the Hon. Lyle E. Jackson, one of the judges of the Ninth Judicial District of the State of Nebraska, had no jurisdiction or authority to preside at the trial of the case, State v. Timothy Iron Bear, in Sheridan County, or to pronounce judgment and sentence against him.

Section 12 of Article V of the Constitution of the State of Nebraska provides: "The judges of the district court may hold court for each other and shall do so when required by law or when ordered by the supreme court." See, also, § 24-303, R. S. 1943; § 24-312, R. S. 1943.

"A district judge has the power to hold court in a district other than the one for which he was elected, and it will be presumed, in case he does so, that it was at the instance of the judge of the proper district." Cox

& Cornell v. Peoria Mfg. Co., 42 Neb. 660, 60 N. W. 933.

Maher v. State, 144 Neb. 463, 13 N. W. 2d 641, holds that section 27-303, Comp. St. Supp., 1941, now section 24-303, R. S. 1943, does not require a request to be in writing to enable a district judge of one district to hold court in any other district.

"The power of a district judge to hold court in a district other than that for which he was elected does not depend upon the absence or disability of the proper judge." Candy v. State, 8 Neb. 482. See, also, Drake v. State, 14 Neb. 535, 17 N. W. 117.

The relator's contention in such respect is without merit.

For the reasons given herein, the judgment of the district court is affirmed.

AFFIRMED.