GEORGE VOLKER, APPELLEE, V. CHARLES B. McDONALD, SHERIFF, ET AL., APPELLANTS.

FILED JANUARY 2, 1931. No. 27458.

*Henry J. Beal, John W. Yeager, H. J. Schoening* and *Jack W. Marer,* for appellants.

*O'Sullivan & Southard, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

DEAN, J.

This habeas corpus proceeding was begun January 29, 1930, in the district court for Douglas county, by George Volker, relator, against the sheriff and the custodian of the county jail of Douglas county, as respondents. Volker charges that he was unlawfully imprisoned and restrained of his liberty, "without any warrant or authority in law whatsoever," and that he is entitled to have his liberty restored forthwith. From an order of the Douglas county court allowing the writ and discharging Volker, the sheriff and county jailer have appealed.

A stipulation of facts herein discloses that Volker was found guilty, in the district court for Douglas county, of having unlawfully received a stolen car, August 22, 1919, in Omaha, and that for this offense he was sentenced to serve an indeterminate term of imprisonment in the penitentiary of not less than one nor more than seven years. Upon appeal to this court, the judgment was affirmed, and a mandate was issued and directed to the Douglas county district court November 9, 1920, but it appears that no proceedings were had pursuant to such mandate until January 16, 1930, when a summons was issued thereon. Subsequently he was released pursuant to a judgment of the district court for Douglas county allowing the writ of habeas corpus, above noted.

The parties herein also stipulated that at no time were the bondsman or the defendant notified by any person or officer of the ruling of this court or of the mandate, nor was the defendant at any time required or requested to present himself to the sheriff or to any other person of authority, pursuant to the command of the mandate. It is also disclosed that, some time after the mandate was issued by this court, the relator was arrested and found guilty, in the federal court at Omaha, of another offense, namely, the violation of the Harrison narcotic act. Volker

was sentenced, pursuant to the above proceeding against him, February 6, 1923, to serve two years in the federal penitentiary at Leavenworth, Kansas. It appears that Volker was a prisoner in the federal penitentiary until September 14, 1925, when he was released and discharged therefrom.

The relator contends that more than ten years elapsed from the time the mandate of this court was issued until he was taken into custody thereunder; that he at no time had notice from his attorney, nor from any other source, of the affirmance of the sentence, nor did he at any time have any knowledge of the disposition of the case; that he was never at any time a fugitive from justice, and that no valid sentence now exists against him. He also argues that he did not request nor consent to, nor did he acquiesce in, the delay of the imprisonment.

As a matter of law and of practice, however, it does not appear to us that the lapse of time from the affirmance of the judgment to the time when Volker was taken into custody, namely, on January 29, 1930, thereby invalidated the sentence or any part of it, either with or without his knowledge. In *Riggs v. Sutton,* 113 Neb. 556, we announced the following rule:

"Where no time is fixed by statute for the beginning of a sentence of imprisonment in a criminal case, it does not, ordinarily, begin until the prisoner is taken into custody by, or offers to surrender himself to the custody of, the proper officer." And in the same case, we said: "When a defendant in a criminal action has been convicted and sentenced to a term of imprisonment, and a warrant of commitment has been issued, and delay occurs before it is executed, if defendant asks for or acquiesces in the delay, then the time which elapses before he is actually taken into custody will not be regarded as a part of the sentence." It does not appear that Volker at any time offered "to surrender himself to the custody of the proper officer." Hence, it follows that the time which elapses before he was "actually taken into custody" cannot "be regarded as a part of the sentence" in the present case.

To substantially the same effect is *Mercer v. Fenton, ante,* p. 191.

True, while Volker did not request the delay, he was charged with knowledge of the status of his case and thereby he clearly acquiesced in the delay. Counsel observe that Volker assumed that "the matter had been disposed of in his favor." But will it be seriously argued that the mere assumption of a material fact by a litigant can be made to take the place of an existing fact? And a litigant is, of course, in the absence of fraud or deceit, clearly bound by the actual status of his case. There is nothing in the record going to show that Volker ever at any time made inquiry of any person or of any court official in respect of the then pending case against him in the district court for Douglas county. The relator's contention of his ignorance of the status of the case and of its disposition, under the facts before us, affords no grounds for his discharge from the penalty of imprisonment imposed by the court. In a similar case in California, the court announced this self-evident rule:

"The essential part of a sentence of imprisonment is not the time when it should be excuted, but the extent of the punishment fixed; and expiration of time, without imprisonment, is in no sense an execution of the sentence." *Ex parte Vance,* 90 Cal. 208.

"The time when a sentence of imprisonment shall commence, although specified in the same entry, is properly no part of the sentence, and may be changed by the court at a subsequent term, if for any reason execution of the sentence has been delayed." *Bernstein v. United States,* 254 Fed. 967.

And, in *Ex parte Salisbury,* 98 Tex. Cr. Rep. 341, where the mandate was issued December 31, 1921, and a summons was not issued until December 13, 1924, lacking only a few days of three years, it was held that the lapse of time did not at all operate to discharge the accused. And in a like case in Iowa, the court used this language:

"It was undoubtedly the duty of the clerk to issue mit-

timus, and of the sheriff to execute the same promptly upon rendition of judgment; but can it be said that the neglect of these officers shall defeat the very object of the prosecution, i. e., punishment for violation of the criminal laws? * * * While the court could not postpone the penalty of the law denounced against the offender, its officers might by procrastination wholly obviate and prevent punishment." *Miller v. Evans*, 115 Ia. 101.

In an opinion by Mr. Justice Story in *United States v. Kirkpatrick*, 9 Wheat. (U. S.) 720, 735, the court, among others, advanced this rule: "The general principle is, that laches is not imputable to the government; and this maxim is founded, not in the notion of extraordinary prerogative, but upon a great public policy." We think the rule announced in the *Kirkpatrick* case is applicable to the facts before us.

And, in *People v. Brown*, 67 Ill. 435, the court made this observation: "Public policy, to prevent loss to the state through the negligence of public officers, forbids the application of the doctrine of estoppel to the state, growing out of the conduct and representations of its officers."

As relating to the present case, we hold that, where a defendant is convicted and sentenced to a term of imprisonment, and, on appeal, the judgment is affirmed and a mandate issued, but, in the same proceeding, a delay occurs before the defendant is taken into custody, such delay will not invalidate the sentence. In such case, it appears, on reason and by virtue of the weight of authority, that the judgment can be satisfied only by carrying into effect the sentence imposed by the trial court, and the term of imprisonment does not begin until the time the defendant is taken into custody on the mittimus or incarcerated under the sentence.

It clearly appears to us that the relator is not entitled to the relief he seeks. Under the facts, and pursuant to the law, the imprisonment of defendant was not unlawful, nor was he unjustly restrained of his liberty.

The judgment allowing the writ must be and it hereby

is reversed, with directions that the relator be incarcerated in the penitentiary for the time designated in the judgment.

REVERSED.