## PETTICREW v WEBSTER

Ohio Appeals, 2nd Dist, Montgomery Co

No 1507. Decided May 25, 1938

A. K. Meck, Dayton, Harry Brenner, Springfield, for appellant.

Joseph P. Duffy, Dayton, and Ben Goldman, Cleveland, for appellee.

ROSS, PJ, MATTHEWS and HAMILTON, JJ, (1st Dist), sitting by designation.

## OPINION

By MATTHEWS, J.

This is a proceeding in habeas corpus instituted in the Court of Common Pleas of Montgomery County, which found against the petitioner, and remanded him to the custody from which he came. He has appealed from that judgment.

It appears from the record that the defendant, who is the appellee in this court, is the superintendent of the Workhouse of the City of Dayton, and that as justification for his restraint upon the liberty of the appellant, he produced a commitment by the Probate Court (Juvenile Division) of Clark County to serve a sentence for three months or until otherwise discharged according to law, imposed upon him upon conviction of the crime of contributing to the dependency of his minor children.

It is claimed that the judgment upon which the commitment is predicated is void and that, therefore, the commitment furnished no authority for the restraint. If the premise were sound, the conclusion would follow as a matter of law. But an examination of the record of the case in which the sentence was imposed and a consideration of the evidence in the bill of exceptions fails to support the premise. We find that the judgment of conviction was within the jurisdiction of the court and that the warrant of commitment was full authority for the imprisonment.

The petitioner has been at liberty during the pendency of this proceeding and it is claimed now that although the imprisonment was lawful at the time the writ of habeas corpus was issued the court has no power to remand him to the custody of the appellee, for the reason that the time has expired within which he would have been imprisoned had he not secured his release by this writ pending the hearing of his petition charging unlawful imprisonment. An examination of the judgment

420

under which petitioner was held discloses that it does not designate either the commencement or ending of the sentence. The court imposed a sentence of a certain duration and we know of no law requiring in a misdemeanor case that the imprisonment should begin or end at any specified time after sentence. Without discussing this point, we believe it is sufficient to say that we find the greater weight of the authorities and the better reasons do not support appellant's contention. State ex Tingstad v Starwich, (119 Wash. 561, 206 Pac. 29) 26 A.L. 393; **Municipal Court v State ex Platter, 126 Oh St 103.** Those are cases in which the void stay was granted by the court imposing the sentence. We see no reason for distinguishing this case, where the stay resulted from a habeas corpus proceeding instituted by the prisoner. He invoked the jurisdiction of the court on the ground that his imprisonment was unlawful. In compliance with the express terms of the order of the court in this case, he was taken from the prison and the custody of its superintendent, to which he had been sentenced, and allowed his liberty. How can it be said that, while so at liberty, he was being punished by imprisonment under the order of commitment? In due course of law, it was adjudged that his claim of unlawful imprisonment was unfounded. By such action, the law does not permit him to avoid the punishment imposed upon him. He invoked his constitutional right to the writ of habeas corpus and required the court to inquire into the cause of his imprisonment. Obtaining temporary liberty in that way was as much his act, as it would have been had he escaped from prison. See also: 8 R.C.L. 256; Volker v McDonald, 72 A.L.R. 1267; and State ex v McClellan, 87 Tenn. 52.

We find nothing in **In Re Thorpe, 132 Oh St 119,** in conflict. All it decides is, that there is no constitutional right to bail after conviction and that unless the court suspends the sentence pending appeal it is the duty of the sheriff within five days after the sentence to deliver the felon to the warden of the penitentiary.

For these reasons, the judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.