IN RE SILVERMAN.

(No. 6069—Decided April 6, 1942.)

*Mr. Richard T. Mills* and *Mr. Harry A. Abrams,* for appellee.

*Mr. Carl W. Rich, Mr. Carson Hoy, Mr. Wm. E. Bowman* and *Mr. Neil W. McGill,* for appellants.

MATTHEWS, P. J. This is an appeal from a judgment releasing the petitioner from the custody of the

sheriff of Hamilton county upon a petition for a writ of *habeas corpus*.

There was no substantial dispute as to the facts.

In December 1938, the petitioner was indicted by the grand jury of Cuyahoga county, Ohio, of the crime of embezzlement. He was arraigned, pleaded not guilty, and was released upon bond pending the trial. About the same time, he was indicted by the United States grand jury in and for the Southern District of Ohio of the crime of using the mails to defraud. When his case was called for trial in the Common Pleas Court of Cuyahoga county, a continuance was granted because of the pendency of the indictment in the United States District Court. On May 20, 1939, the petitioner was found guilty of the crime charged against him in the United States District Court, and that court on June 15, 1939, sentenced him to imprisonment in the federal penitentiary for three years and an additional sentence of five years suspended under federal probation, and a fine of $2,000 was also imposed. He was remanded to the Hamilton county, Ohio, jail where he had been held pending trial, until the United States Attorney General should select the federal prison when the sentence would be placed in execution.

The prosecuting attorney of Cuyahoga county had notified the United States Department of Justice of the pendency of the indictment against petitioner in Cuyahoga county, and invoked its assistance in effecting the presence of the petitioner for trial upon that indictment. The United States Department of Justice expressed a willingness to cooperate, provided the procedure prescribed by it was followed. Accordingly, a petition for a writ of *habeas corpus ad prosequendum* was filed against the United States marshal. The writ was granted in accordance with the rules of the Department of Justice, so that the petitioner

herein could be taken to Cuyahoga county in custody of the United States marshal for trial in the Common Pleas Court of that county upon the indictment for embezzlement. He was so taken and upon the case being called for trial, he withdrew his plea of not guilty and entered a plea of guilty and was sentenced to serve an indeterminate term within minimum and maximum limits in the Ohio penitentiary. The court made no order either as to the time of the commencement of the sentence or as to suspending its execution.

The United States marshal thereupon returned the petitioner herein to the Hamilton county jail and shortly thereafter conveyed him to the federal penitentiary at Lewisburg, Pennsylvania, which had in the meantime been designated as the place of his confinement under the sentence of the United States District Court.

The prosecuting attorney of Cuyahoga county notified the Lewisburg prison authorities that the petitioner herein was under sentence to the Ohio penitentiary and requested that he be notified of the time when he would be discharged from prison, in other words, gave the so-called "detainer notice." Upon the approach of the completion of the term, less time off for good behavior, notice was given and extradition proceedings were instituted and a warrant issued by the Governor of Pennsylvania, under which the petitioner herein was arrested upon his discharge from the Lewisburg prison for delivery to the agent appointed by the Governor of Ohio to serve the sentence imposed upon him by the Common Pleas Court of Cuyahoga county. At this juncture, the petitioner applied for and obtained a writ of *habeas corpus* from a court of competent jurisdiction of the state of Pennsylvania.

Although the petitioner was released from the Lewisburg prison under the sentence of the court under the laws of the United States relating to probation and the

rules of the United States Board of Parole, he was required for the period of five years to make periodical reports to a probation officer. The probation officer appointed to supervise the petitioner and to whom he was required to send reports was F. Emerson Logee, 503 Federal Building, Cleveland, Ohio.

Notwithstanding his residence was in Cleveland and his probation officer was there, the petitioner voluntarily came to Hamilton county, Ohio, and reported to the sheriff of that county, who detained him awaiting the arrival of the sheriff of Cuyahoga county with the writ of commitment to the Ohio penitentiary under the sentence of the Cuyahoga county Common Pleas Court.

The petitioner while thus in the custody of the sheriff of Hamilton county and before the sheriff of Cuyahoga county had arrived, or a reasonable time for his arrival had expired, filed the petition for this writ of *habeas corpus*. At the trial the sheriff of Cuyahoga county was present with certified copies of the sentence showing his authority to transmit the petitioner to the penitentiary and the bill of costs incurred in the prosecution. The trial court was of the opinion that the imprisonment was unlawful and ordered the petitioner's release, and that is the judgment from which this appeal was taken.

As we have reached the conclusion that the trial court erred in discharging the appellee and that therefore the judgment must be reversed, we shall set forth our views of the contentions of the appellee in the order in which they are presented in his brief.

(1) It is urged that the order of the court of the state of Pennsylvania discharging the appellee from custody under the extradition warrant is *res judicata*. It should be said here that the record does not show the exact ground upon which the Pennsylvania court based its judgment in that case. We understand from

the statements of counsel that the finding was that the petitioner was not a fugitive from the justice of Ohio, and, that that finding was, perhaps, predicated upon the circumstance that he had been taken from Ohio to Pennsylvania against his will to serve a prison term in the federal prison there located. However that may be, the only finding possible in that case on that subject was that he was not a fugitive from Ohio justice at that time within the meaning of Article IV of the Constitution of the United States. In the nature of things there could be no decision in that case that he would not be at some time in the future apprehended in Ohio and required to respond to the judgment rendered against him by the court of that state. In 2 Freeman on Judgments (5 Ed.), 1501, Section 712, at 1503, it is said:

"Under no circumstances will a judgment or decree take effect upon rights not then existing."

The possible issues in *habeas corpus* where petitioner is held on an extradition warrant are narrowly limited (25 American Jurisprudence, 197 *et seq.*, Section 71; *People, ex rel. McNichols,* v. *Pease, Sheriff,* 207 U. S., 100, 52 L. Ed., 121, 28 S. Ct., 58) and the issue now before the court in this case is certainly not one of them. Manifestly, the Pennsylvania court could not foreclose Ohio from exacting punishment for infraction of its penal laws. It had no jurisdiction to either convict or acquit for violation of the Ohio law. *Wisconsin* v. *Pelican Ins. Co.,* 127 U. S., 265, 32 L. Ed., 239, 8 S. Ct., 1370.

(2) The failure of the sheriff of Cuyahoga county to lodge the petitioner in the Ohio penitentiary within five days after the judgment of conviction is said to prevent his apprehension and detention at this time. Section 13455-1, General Code, is cited. It undoubtedly does impose this duty upon the sheriff in the absence of a suspension of the sentence, but

it does not provide that the sheriff's failure should exonerate the convict from the sentence imposed upon him, and it certainly would be a novel construction to hold that the wrong, if any, of the sheriff cancelled the wrong of the convicted person.

The provisions in Section 13455-1, General Code, and similar statutes are directory. They are not limitations upon the power of the state to enforce the judgment of conviction. 32 Ohio Jurisprudence, 938, 939, Section 76; 37 Ohio Jurisprudence, 337, Section 42; *State, ex rel. Smith,* v. *Barnell,* 109 Ohio St., 246, 142 N. E., 611.

A somewhat similar question was before this court in *Petticrew* v. *Webster, Supt. of Workhouse,* 63 Ohio App., 456, 27 N. E. (2d), 151, in which we held that a person sentenced to a workhouse for three months, with no provision as to when the term should begin or end, could be required to serve the term, notwithstanding more than three months had elapsed after the sentence when the convict had been allowed his liberty in the interval pending the hearing of his petition for a writ of *habeas corpus.*

(3) Next it is said that the petitioner was in the constructive custody of the United States marshal at the time of trial and that therefore the state court did not have jurisdiction to receive his plea of guilty and impose the sentence. This contention is sufficiently answered by the cases of *Ponzi* v. *Fessenden,* 258 U. S., 254, 66 L. Ed., 607, 42 S. Ct., 309, 22 A. L. R., 879, and *People* v. *Berardi,* 332 Ill., 295, 163 N. E., 668, 62 A. L. R., 274. At page 265 of the *Ponzi case,* Chief Justice Taft said:

"But it is argued that when the prisoner is produced in the superior court, he is still in the custody and jurisdiction of the United States, and that the state court cannot try one not within its jurisdiction. This is a refinement which if entertained would merely

obstruct justice. The prisoner when produced in the superior court in compliance with its writ is personally present. He has full opportunity to make his defense exactly as if he were brought before the court by its own officer. *State* v. *Wilson,* 38 Conn., 126, 136. The trial court is given all the jurisdiction needed to try and hear him by the consent of the United States, which only insists on his being kept safely from escape or from danger under the eye and control of its officer. This arrangement of comity between the two governments works in no way to the prejudice of the prisoner or of either sovereignty.''

See, also, *Chapman* v. *Scott, Warden,* 10 F. (2d), 156, and 15 American Jurisprudence, 121, Section 464.

In *People* v. *Berardi, supra,* the first paragraph of the syllabus as reported in 62 A. L. R., 274, reads:

''A prisoner taken by the federal authorities, while serving a sentence imposed by a federal court, on a writ of *habeas corpus ad subjiciendum* into a state court, and put on trial upon an indictment against him, may not question the jurisdiction of such court and be remanded to the custody of the federal marshal, but may properly be put on trial, even though the writ was issued to the warden of a federal penitentiary outside the state, where it could not have been enforced if the federal authorities had seen fit to disobey it.''

(4) On July 22, 1940, and December 14, 1940, the petitioner filed motions in the Common Pleas Court of Cuyahoga county to have that court either suspend execution of the sentence or set aside the judgment of conviction it had rendered against him, so that he might withdraw his plea of guilty and defend against the indictment. The court overruled these motions on the ground that it was without jurisdiction to disturb the judgment, and because of this the petitioner now urges that the state is without power to enforce the sentence. The court was clearly right in holding that

it had no authority to disturb the conviction either by setting it aside or by suspending its execution. The prosecution had long since ended. The litigation had come to rest in a final judgment and the term of court at which it had been rendered had passed. Whatever control the court had to modify expired with the ending of the term. 12 Ohio Jurisprudence, 713 *et seq.,* Section 693 *et seq.* While there was some confusion on the subject at one time, it is clear now that no Ohio court has inherent power to indefinitely suspend a sentence. *Municipal Court of Toledo* v. *State, ex rel. Platter,* 126 Ohio St., 103, 184 N. E., 1.

So we conclude that the judgment of the Common Pleas Court of Cuyahoga county was in full force and effect and unsatisfied at the time this proceeding was instituted, and that it was the duty of the sheriff of Cuyahoga county to apprehend the petitioner and convey him to the Ohio penitentiary, and that it was the duty of the sheriff of Hamilton county to assist by holding him for delivery to the sheriff of Cuyahoga county. Sections 13432-2, 13432-10 and 13455-1, General Code.

For these reasons, the judgment of the Court of Common Pleas is reversed and the cause remanded with instructions to remand the petitioner to the custody of the sheriff of Hamilton county from whence he came.

*Judgment reversed and cause remanded.*

Ross and Hamilton, JJ., concur.