The State of Ohio, Appellee, *v.* Hollingsworth,
Appellant.

(No. 7663—Decided October 6, 1952.)

*Mr. C. Watson Hover,* prosecuting attorney, and
*Mr. Thomas Stueve,* for appellee.

*Mr. Fred Murphy,* for appellant.

*Per Curiam.* This is an appeal from a judgment on
final hearing in a proceeding in habeas corpus, deny-
ing the petition and thereby leaving Leonard Hollings-
worth in the custody of the sheriff of Hamilton county,
Ohio, who, it was alleged, was unlawfully depriving
him of his liberty.

At the trial, the sheriff produced the prisoner and
the mittimus constituting his authority for the prison-
er's detention. This mittimus was duly executed by a
justice of the peace, reciting that the offense charged
against him was "assault and battery," that he had
been found guilty as charged and sentenced to im-
prisonment in the county jail for "the term of fifty-
five (55)" and ordered into the custody of the sheriff
to remain until the expiration of his sentence.

Neither the docket of the justice of the peace nor a
certified copy thereof was produced at the trial. The
justice of the peace was permitted to and did testify
that the commitment correctly sets forth the final
judgment, as shown by his docket. It appears from

his testimony that on February 8, 1952, he had ordered a commitment of Hollingsworth for this same offense and that after Hollingsworth had been in jail for five days he was allowed his liberty on certain conditions and that he had violated these conditions by committing various offenses—failure to provide, a traffic violation, leaving the scene of an accident, reckless driving, crossing a double line and ignoring a stop sign. Hollingsworth pleaded guilty to these offenses, and the justice of the peace thereupon recommitted him to the county jail in the custody of the sheriff to serve the balance of his term. In the caption of the entry as copied into the commitment order is the parenthetical statement ''(probation violation)'' but there is nothing to indicate that that was the offense for which he was committed. The sheriff produced both commitment orders.

In the first commitment order the term of sentence is clearly stated as ''sixty (60) days.''

We are of the opinion that the petitioner has failed to sustain the burden of proving that Hollingsworth was unlawfully deprived of his liberty. We are of the opinion that the production of the two commitment orders established a prima facie authority justifying his detention.

It is true that the second commitment does not expressly state that the fifty-five indicates the number of days, but when it is considered that he was convicted of assault and battery the maximum punishment for which is imprisonment for six months and a fine of $200, and when it is also considered that the law does not recognize parts of days in such situations, it does not seem unreasonable to hold that days were intended. This point was not raised by the petitioner.

Furthermore, we are of the opinion that the original commitment is sufficient authority for holding Hollingsworth for the balance of the term as provided

474

therein without any credit for the time he was at large. *Petticrew* v. *Webster, Supt.,* 63 Ohio App., 456, 27 N. E. (2d), 151. If the justice had no authority to place Hollingsworth on probation, his assumption of such authority would not invalidate the original commitment. *Municipal Court of Toledo* v. *State, ex rel. Platter,* 126 Ohio St., 103, 184 N. E., 1.

Our conclusion is that whatever errors or irregularities may be found in the proceeding before the justice of the peace, his jurisdiction to enter the judgment and commitment was not destroyed. They were errors committed while he was acting within his jurisdiction and are to be reviewed, if at all, by appeal and not by habeas corpus.

The judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.