CARROLL, Associate'Justice.
In the exercise of original jurisdiction, this court issued a writ of habeas corpus, on the petition of the state on relation of. one Rose Miller, who sought thereby to." obtain release from the second six months, of a one year jail sentence which she wasi serving.
At the outset we are confronted with a defense of res adjudicata asserted in the' response, consisting of a contention that this action may not be brought because a' judgment of remand continues in force rendered in an earlier habeas corpus action sued out by this relatrix which involved the same question or cause.
Section 79.10, F.S.19SS, F.S.A., provides a judgment in habeas corpus “shall be conclusive until reversed in the manner hereinafter provided for, and no person remanded by such judgment while the same continues in force shall be at liberty to obtain another habeas corpus for the same cause, * * The right of appeal from such a judgment is secured by the next section, 79.11.
The record here shows that Rose Miller was tried in the Court of Crimes in Dade County on two counts contained in one information. On December 10, 1953, she was convicted on both counts. The two offenses were among those specified in Chapter 796, F.S.1953, F.S.A., relating to prostitution, being those set out in Section 796.07(2) (a) and (3) (c). For each of those offenses the statute provided penalties including imprisonment for not more than six months. Section 796.07(5).
The sentence imposed by the Court of Crimes was for one year. This single sentence necessarily covered both offenses, but there was no express direction by the court that the sentences for the two offenses (of six months maximum each) should be served consecutively. Section 921.16, F.S.1953, F.S.A., provided that where a person is charged and convicted on two or more counts originating in one information, as was the case here, “the *119 terms of imprisonment shall he served concurrently unless the court expressly directs that they or some of them be served consecutively.”
The judgment of the Court of Crimes was appealed to the Circuit Court, which affirmed. Relatrix here contends that the appeal did not involve the sentence, hut that the appeal dealt only with questions as to the judgment. A petition for certiorari .thereon to this court was dismissed.
Relatrix began serving her sentence on January 6, 1955. After serving six months of the sentence (less gain time earned) she filed a petition for habeas corpus in the 'Circuit Court. A present contention by relatrix that the Circuit Court habeas corpus did not involve the effort to avoid the balance of the sentence prompts close inspection of that petition, the main allegations of which were as follows:
“That on the 24th day of February, 1953, an Information was filed by the ■County Solicitor against the relator ■charging her with the violation of ■Chapter 796.07(1) (a), and (3) (c).
“That on the 10th day of December, 1953, the relator was duly tried and ■convicted under said statute in the Court of Crimes in and for Dade County, Florida; that the maximum sentence provided for by the violation of said statute is imprisonment for not more than six (6) months.
“That your relator was sentenced for the violation of Chapter 796.01, said sentence being a maximum of one (1) year.
“That your relator has completed the serving of six (6) months in the Dade County Jail.
“That your relator avers that her restraint and the deprivation of her personal liberty is illegal and wrongful and she, therefore, prays that this Honorable Court will grant its most gracious Writ of Habeas Corpus * * *”
After hearing, the Circuit Court on June 8, 1955, granted a final judgment remanding relatrix to the custody of the sheriff. The basis for the judgment Was not Stated other than the recitation that “after taking testimony and hearing argument of counsel the court is of the opinion that the relator is not illegally and wrongfully restrained and deprived of her liberty.” That judgment included a grant of a request for permission to appeal to the Supreme Court, but without supersedeas. No appeal was taken.
One week later, on June 15, 1955, rela-trix filed her petition for habeas corpus here, and the court issued the writ and granted release on bond pending hearing.
An inspection of the petitions for habeas corpus in the circuit court and in this court shows that each challenged the correctness and legality of the sentence, and particularly the last six months of the sentence. Moreover, the circumstances existing in June of 1955, when the two' writs were sought, were such that it is abundantly clear that both involved the same subject matter. These included the facts that questions concerning the trial and the judgment had been set at rest by an appeal; that the first six months of the one year sentence had been served, which was a sufficient term if the sentences for the two offenses were to be served concurrently; and that only a week elapsed between the judgment in the first habeas corpus and the filing of the petition for the second one here, with no showing of any new or added facts occurring during that short interval. Thus the same limited matter remained for consideration under her circuit court habeas corpus filed on June 6, 1955 and decided June 8, 1955, and under the habeas corpus filed for her in this court June 15, 1955.
On those facts and for those reasons we hold that the defense of res adjudicata is established on this record and Section 79.10, F.S.1955, F.S.A., enjoins this second application for habeas corpus.
The writ issued herein is ordered quashed, and the relatrix Rose Miller is remanded to the custody of the respondent.
DREW, C. J., and THOMAS and ROBERTS, JJ., concur.