[No. 34523. *En Banc.* November 30, 1957.]

JOHN VICTOR HODGES, *Plaintiff and Relator,* v. H. J. LAWRENCE, *as Chief of Police of the City of Seattle, Defendant,* THE SUPERIOR COURT FOR KING COUNTY, *William J. Wilkins, Judge, Respondent.*[1]

*McMicken, Rupp & Schweppe* and *Robert R. Beezer,* for plaintiff and relator.

*A. C. Van Soelen, Anthony Arntson,* and *Thomas J. Owens,* for defendant.

PER CURIAM.—The relator was convicted in the municipal police court of Seattle of driving an automobile while under the influence of intoxicating liquor. He appealed to the superior court and was admitted to bail pending the

[1] Reported in 318 P. (2d) 326.

appeal, which came on for trial in the superior court on June 4, 1957. He was again convicted. The police department was not notified of the trial, and, the relator not being in custody, no police officer was present thereat. On September 6, 1957, the court imposed sentence upon him of imprisonment in jail for sixty days and a fine of one hundred dollars. His motor vehicle operator's license was suspended for one hundred eighty days.

The relator immediately went to the clerk's office in company with his own attorney and the city attorney, where he paid the fine. No one took him into custody or told him to report to jail.

The clerk issued the customary warrant of commitment in due course, but there was an unusual delay in attempting to execute the warrant for the reason that the officer charged with that duty was on a hunting trip. During the week of October 8, 1957, an attempt was made to take the relator into custody, but he no longer lived at the address he had given at the time of his arrest. He was eventually located and taken to jail on November 1, 1957.

Sixty days after the date of his sentence, he initiated this proceeding, and, at its conclusion, the court issued an order discharging the writ of *habeas corpus*. That order is brought here for review upon a writ of certiorari.

■ The relator admits that he was not taken into custody at the time of his sentence, but contends, nevertheless, that under the terms of RCW 9.95.060 [*cf*. Rem. Supp. 1947, § 10249-2, part] his sentence began to run at the time he was sentenced, and, consequently, it had expired at the time of the *habeas corpus* proceeding.

The section of the statute relied upon is part of the Laws of 1935, chapter 114, p. 308. The chapter is entitled:

"An Act relating to the provision for the adequate punishment of persons convicted of certain felonies, . . . defining the duties of the Board of Prison, Terms and Paroles with relation thereto; . . ."

The section is inapplicable to this case, which involves a jail sentence for an offense which is not a felony.

■ In *In re Wright*, 31 Wn. (2d) 905, 200 P. (2d) 478,

we held that a county jail sentence does not begin to run until a defendant is in custody, and the period during which there is a delay in taking him into custody does not count as service of the sentence. The same rule should apply to imprisonment in a city jail, and we so hold.

The order discharging the writ of *habeas corpus* is affirmed.