[No. 35750.   Department Two.   August 31, 1961.]

TOWN OF RUSTON, *Respondent*, v. LEO L. WINGARD, *Appellant*.*

*Lemuel L. Wingard, pro se.*

*John H. Binns*, for respondent.

HILL, J.—The issue presented here is relatively simple, *i.e.*, has Leo L. Wingard served two thirty-day sentences in the Pierce county jail and the additional time requisite to pay a fine and costs amounting to $241.40 (or $211.40)? This would seem to be a question of fact, but there are some legal facets.

In consequence of Mr. Wingard's operation of a junk yard, he was convicted in police court of doing business without a license and of violating the zoning ordinance of the town of Ruston. Both convictions were appealed to the superior court, and the cases were consolidated for trial. On a jury verdict of guilty, in each case, he was sentenced June 30, 1959, to thirty days in jail in each case, the sentences to run consecutively; and he was fined $50 in

*Reported in 364 P. (2d) 553.

each case and ordered to pay costs of $80.85 in one case and of $30.55 in the other. The jail sentences were suspended and the defendant placed on probation for two years.

An order revoking probation and suspension was signed June 13, 1960, and the defendant was directed thereby to surrender to the sheriff of Pierce county, to commence serving his sentences, at 10:00 a. m. July 1, 1960. Another order was entered June 27, 1960, giving defendant a further extension of time until July 7, 1960, at 10:00 a. m.

It is conceded that he did surrender to the sheriff on July 7th and that he was in the county jail twenty-three days, from July 7 to July 30, 1960; that he was a trusty all of that time; and that during that time he donated a pint of blood to the blood bank.

The town of Ruston, though commenting on the "strange mathematics which govern jail sentences,"[1] concedes that Mr. Wingard, by serving twenty-three days in the county jail as a trusty and donating a pint of blood, did serve his

---

[1]The method of computation comes from the order signed by the superior court judges for Pierce county June 3, 1959, in the exercise of the authority delegated to superior court judges to prescribe rules for the regulation and government of jails in the several counties (RCW 36.63.060), which order provides, *inter alia*:

"Each prisoner shall be entitled to five (5) days 'good time' per month. Each prisoner assigned to act as trusty and who shall work at the duties assigned him by the Jailer shall be entitled to receive one day of 'good time' for each day he worked. Fines and court costs shall be served out in the same manner. $4.00 allowed for each day served and $8.00 for inmates who are made Trusties and work. (Each Trusty shall have three meals a day.) Each inmate donating one pint of blood to a duly organized blood bank shall be entitled to ten (10) days 'good time' but in no event shall any prisoner be permitted to donate any blood within ninety (90) days after any given blood donation by him."

Statutory enactments provide that all county jail prisoners may be compelled to work eight hours a day (RCW 9.92.140). (The eight-hour day in Washington thus dates at least from 1881.) The sentencing judge of the superior court and the sentencing justice of the peace have authority and jurisdiction whereby the sentence of a prisoner, sentenced to imprisonment in their respective courts, may be reduced five days for each month of confinement therein, for good behavior. RCW 9.92.150.

*Quaere:* While not here material, can superior court judges reduce the time in jail of prisoners sentenced by a justice of the peace?

two consecutive thirty-day sentences, but contends that the jail time did not apply in any way upon the fines and costs. Accordingly, the town of Ruston moved that the defendant be committed to the county jail until the fines and costs were paid.

August 29, 1960, an order was entered in the Pierce county superior court, in the consolidated cases, ordering that the defendant be "committed to the custody of the Sheriff until the fines and costs in these cases" were paid, and the order provided:

" . . . Any time Defendant spends in jail pursuant to this Order shall be credited thereon at the rate of $3.00 per day as per R.C.W. 10.82.030."

It is from this order that the defendant prosecutes this appeal.

To understand appellant's contentions, it must be made clear that this is not the first appeal in these cases.

Appeals were taken from each of the original judgments and sentences entered by the superior court June 30, 1959. (See the second paragraph of this opinion.)

January 29, 1960: While these appeals (supreme court cases Nos. 35234 and 35235) were pending, but after a motion to dismiss them had been made, the defendant moved in the superior court to vacate the judgments of June 30, 1959. This motion was denied February 9, 1960, and from the order denying this motion there was another appeal (supreme court case No. 35516).

February 16, 1960: The remittitur came down dismissing the first two appeals. Appellant seizes upon this date as the date on which jail time begins to run, relying on RCW 9.95.060[2], and asserts that his jail sentences expired thirty days later on March 16, 1960, and that thereafter any jail time served must be applied on the fines and costs. He relies on the same order of the superior court judges pre-

[2]"When a convicted person appeals from his conviction and is at liberty on bond pending the determination of the appeal by the supreme court, credit on his sentence will begin from the date of the remittitur. . . ." RCW 9.95.060

scribing rules and regulations for the Pierce county jail, to which we have heretofore referred, to support his contention that the twenty-three days which he served in July, 1960, should be credited at the rate of $8.00 per day (he being a trusty)[3] and that he is entitled to a forty-dollar credit for donating one pint of blood to the blood bank,[4] or a total of $224, which would more than cover the fines and the costs in the judgments and sentences of June 30, 1959, i.e., $211.40.[5] (See second paragraph of this opinion.)

We turn now to the disposition of the issues raised by appellant:

■■ The claim that his sentences began to run February 16, 1960, on the day the remittitur came down on his first two appeals, is without merit. RCW 9.95.060 (see note 2), relied on by appellant, has no application except in felony cases. *Hodges v. Lawrence* (1957), 51 Wn. (2d) 356, 318 P. (2d) 326. Appellant was never in custody, following the sentences imposed June 30, 1959, until he surrendered to the sheriff on July 7, 1960. Any delay in taking a defendant into custody, after conviction and sentencing for a misdemeanor, in no way releases him from the necessity of suffering the full penalty imposed by the sentences. *In re Wright* (1948), 31 Wn. (2d) 905, 200 P. (2d) 478. See Annotation 72 A. L. R. 1271. Even the rationale of the dissenting judges in the *Wright* case would require a holding

[3]See note 1. That order provides *inter alia*: "When an inmate has served his full time and reaches the period where he is serving time for fine and costs he will be credited with $4.00 off for each day he served; however if this inmate is made a Trusty he will be credited with $8.00 for each day served."

[4]Nothing in the record substantiates appellant's claim that it is the practice in Pierce county to make such a credit on a judgment for fines and costs; and it is not here material, except to explain his contention.

[5]Respondent's position is that the judgments for costs total $241.40. The third appeal (supreme court case No. 35516) was dismissed; the remittitur coming down July 6, 1960, with costs taxed against the appellant in the sum of $30. The question of whether this $30 was included in the "costs in these cases," referred to in the order of August 29, 1960, from which the present appeal is taken, is not adequately briefed and will not be decided.

that the appellant's sentences did not begin to run until July 7, 1960.

The town of Ruston does not here contend that serving twenty-three days as a trustee in the Pierce county jail, plus the donation of a pint of blood, did not satisfy the requirement of the two thirty-day sentences, to be served consecutively; hence, the validity of such commutation of sentences is not before us, nor it is likely that any jail prisoner will ever question such commutation.

We cannot agree with appellant's contention that the trial court erred in directing that the time spent in jail by the appellant, in serving out his fines and costs, should be credited thereon at the rate of three dollars a day. That is the highest rate authorized by statute,[6] and gives him the benefit of any doubt. The fact that Pierce county may have permitted others (under its jail regulations) to unlawfully[7] work out their fines and costs at four dollars and eight dollars a day, can avail the appellant nothing. We may sympathize with him in his complaint against discrimination, but we cannot change the law which the trial court has correctly applied.

The trial court's order that the "Defendant is hereby committed to the custody of the Sheriff until the fines and costs in these cases are paid" is affirmed. (Whether "costs in these cases" include the costs of thirty dollars on the dismissal of the appeal in supreme court case No. 35516, as the town of Ruston urges, we do not decide.)

The further direction that any time spent in jail "pursu-

---

[6]Sections 1125 and 1129 of the Code of 1881 both provided for imprisonment "one day for every three dollars of such fine or costs."

The Laws of 1883 (p. 38) amended both sections by substituting "two dollars" for "three dollars."

The Laws of 1891, c. 28, p. 62, amended § 1125 by again substituting "three dollars" for "two dollars." This is now RCW 10.82.030.

Section 1129 was never amended subsequent to 1883, and as RCW 10.82.040 still reads "one day for every two dollars of such fine and costs."

[7]RCW 36.63.060, giving the judges of the superior court the authority to make rules for the regulation and government of county jails, concludes: "Provided, That such rules shall not be contrary to law."

ant to this Order shall be credited thereon at the rate of $3.00 per day as per RCW 10.82.030" is likewise affirmed.

FINLEY, C. J., MALLERY, DONWORTH, and HUNTER, JJ., concur.

October 26, 1961. Petition for rehearing denied.