**UNITED STATES of America,**
**Plaintiff,**

v.

**Horace L. VANN, Defendant.**
**Crim. No. 45004.**

United States District Court
E. D. New York.

July 5, 1962.

ZAVATT, Chief Judge.

In 1957 the defendant was serving a state sentence in Green Haven State Prison, Stormville, New York. While serving this sentence, he was brought before this court on December 2, 1957, pursuant to a writ of habeas corpus ad prosequendum issued by this court on October 17, 1957. On December 2, 1957 he was represented by counsel, Harry Chiert, and pleaded guilty to counts one and two of a six count indictment which said counts charged him with unlawful possession of a United States Treasury check in the amount of $105.96 payable to one other than the defendant and the unlawful forging of the payee's name thereon, in violation of 18 U.S.C. §§ 1708 and 495, respectively. On January 9, 1958, he was represented by counsel, Harry Chiert. This court sentenced the defendant on that date to a term of two years imprisonment on each of said two counts, both sentences to run concurrently. Immediately after the imposition of these sentences by this court, the defendant was returned to Green Haven Prison to complete serving the prior New York State sentence.

He was released from the Green Haven Prison on March 29, 1958 upon the expiration of the New York State sentence. Apparently, no detainer had been filed

with the State by the federal authorities. The defendant remained at large for more than two years when, on November 30, 1960, he was arrested by the New York City Police on a charge of forgery of a prescription for narcotics. He was convicted of this offense and sentenced by the County Court, Kings County, New York to serve a term of one year in the Riker's Island Penitentiary. While serving this sentence, a detainer was filed. When he was released from Riker's Island Penitentiary on October 5, 1961, he was taken into custody by federal officers to begin service of the sentence which this court had imposed on January 9, 1958 and is now incarcerated in the United States Penitentiary at Lewisburg, Pennsylvania.

■■ It is from service of this sentence that the defendant now seeks to be discharged. On May 1, 1962 this court granted the defendant's petition for leave to proceed in forma pauperis and assigned the Legal Aid Society of New York City to represent him in this proceeding, which is a petition for a writ of habeas corpus. Habeas corpus is not a proper remedy in this case, since the defendant is not incarcerated in this district. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948). Nevertheless, in order to avoid delay and circuity of action, the court will consider the petition as a motion, pursuant to 28 U.S.C. § 2255, to vacate the sentence.

He alleges that on his release from State custody on March 29, 1958, he believed that his sentence had been canceled because of a letter he wrote to this court requesting that the term of the sentence imposed by this court be reduced. The court did not reply. In point of fact, the sentence was in no way modified, nor was any formal attempt at modification ever made. Petitioner further states that from March 29, 1958 until November 30, 1960 he resided at his previous address and made no attempt to flee. As legal grounds for his release the petitioner contends in substance that:

1. By not requiring him to serve his sentence immediately on his release from Green Haven State Prison on March 29, 1958 and/or by allowing his subsequent arrest and conviction by local authorities for forgery of a prescription, the Federal Government in some manner relinquished its jurisdiction over him.

2. The delay in his imprisonment on the sentence imposed by this court was unconstitutional as a denial of due process and as cruel and inhuman punishment under the Fifth and the Eighth Amendments to the Constitution of the United States.

■ The governing statute, 18 U.S.C. § 3568, provides:

"The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence. * * *

"If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

"No sentence shall prescribe any other method of computing the term."

Since petitioner's service of the sentence imposed by this court on January 9, 1958 did not begin until October 5, 1961, the date of his entry into federal custody, he has suffered no denial of rights in this regard. In Hayward v. Looney, 246 F.2d 56 (10th Cir.1957), the petitioner while in state custody was surrendered to federal authorities for trial and sentencing on another charge and then surrendered back to state custody to serve his state sentence. At the expiration of his state sentence, the peti-

tioner was required to serve his federal sentence. The court stated that:

"It is well settled that when a state surrenders a prisoner to the Federal government for the purpose of trial on a Federal charge and upon conviction and sentence in the Federal court, the Federal authorities surrender custody of the prisoner back to the state authorities for trial or imprisonment, without the prisoner having been received at a Federal penal institution for service of his Federal sentence, the Federal sentence does not begin to run until such time as the prisoner is returned to Federal custody and received at the Federal penal institution for service of his Federal sentence." 246 F.2d at 58.

In the instant case, after being sentenced by this court the petitioner was not committed to a jail or other place of detention to await transportation to the place at which his sentence was to be served. He was detained only for surrender back to the custody of the state authorities. Hayward v. Looney, supra; Zahn v. Kipp, 218 F.2d 898 (7th Cir. 1955). Zerbst v. McPike, 97 F.2d 253 (5th Cir.1938).

■ Petitioner's jurisdictional argument is also unsupportable. The identical argument as to relinquishment of jurisdiction was rejected in Mitchell v. Shank, 105 F.Supp. 274 (E.D.Ky.1952). In that case, the petitioner received a two year state sentence on December 2, 1946 and a fifteen months federal sentence on December 4, 1946. He was released from state custody on December 2, 1948 and, no detainer having been filed, was not taken into federal custody. He was at liberty until July 19, 1949 at which time he was sentenced on another state charge. On his release from the state correctional institution on February 20, 1952, he was immediately taken into federal custody to begin service of his federal sentence imposed on December 4, 1946. The court stated:

"In view of the wording of the statute [18 U.S.C. 3568] and on ba-

sis of the authorities herein cited, it is obvious that no sentence against the petitioner in so far as the judgment in the District Court of the United States for the Federal offense was concerned could begin to run until he was taken into custody by the Federal officers for commitment to the institution in which he is now held. Neither the intervening period, the lack of a detainer nor the alleged intention of the sentencing judge could have any effect upon the time of commencement of the sentence." 105 F.Supp. at 276.

■ The controlling factor in determining the power to proceed as between two contesting sovereigns is the actual physical custody of the accused. This being so, when a defendant is released from actual physical custody, even for temporary purposes, he may be arrested, tried and convicted by any other such sovereign in the territory in which he may be without the consent of the first sovereign. Seizure of the body by the latter postpones all claims, based upon prior initiation, of the proceedings or previous arrest or conviction by another sovereign until in some way possession may be resumed by the latter. E. g., Strand v. Schmittroth, 251 F.2d 590, 599 (9th Cir.1957 cert. dismissed, 355 U.S. 886, 78 S.Ct. 258, 2 L.Ed.2d 186 (1957)); Kellett v. United States, 162 F.Supp. 791 (W.D.Mo.1958); United States v. Harrison, 156 F.Supp. 756 (D.N.J.1957). Therefore, it cannot be contended that failure of the government to obtain custody of the petitioner on his release from Green Haven State Prison on March 29, 1958 and his subsequent arrest and conviction on another charge by local authorities amounted to or caused a permanent relinquishment of the federal government's power to require the petitioner to serve his duly imposed sentence at such time as he should again come into the custody of the federal government.

■ Moreover, even if, as is not the case, there was some failure of one sovereign to respect the rights of another to the custody of the accused. such hap-

penstance could not accrue to the benefit of the petitioner. In Kellett v. United States, supra, the petitioner came into the custody of the State of Missouri while he was free on bond pending the determination of his appeal on his previously imposed federal sentence. The petitioner contended that the failure of the federal government to insist that its sentence be served first violated his constitutional rights. The court stated:

"Even if I should assume—and I do not—that the state violated a duty it owed to the Federal Government under the rule of comity, the state detention being a breach of comity between state and federal sovereignties, the petitioner would not be entitled to release, because he suffered no injury thereby. Only the sovereign may raise objections to the interference with its right to the possession of a prisoner, under the rule of comity. So long as a petitioner owes a sentence of servitude to each sovereign, he may not complain of the manner in which he is required to serve it. Hayward v. Looney, 10 Cir., 246 F.2d 56; Mitchell v. Boen [10 Cir., 194 F.2d 405], supra; Stamphill v. United States, 10 Cir., 135 F.2d 177; Powell v. Sanford, 5 Cir., 156 F.2d 355; United States ex rel. Demarois v. Farrell, 8 Cir., 87 F.2d 957."

■ Other cases also support the rule that one who owes a sentence of servitude to several sovereigns may not complain of the sequence in which he is required to serve them. Zahn v. Kipp, 218 F.2d 898 (7th Cir.1955); Gunton v. Squier, 185 F.2d 471 (9th Cir.1950). Nor do the facts of this case approach those of Smith v. Swope, 91 F.2d 260 (9th Cir.1937) in which the order of commitment directed the Marshal " * * * to take and keep and deliver the said Cary S. Smith into the custody of the Keeper or Warden of said United States * * * Penitentiary forthwith." Prior to his conviction petitioner in that case had been in the exclusive custody of the federal authorities. In disobedience of the order of the Federal Court, the Marshal delivered the prisoner to state authorities.

In the instant case, the order of commitment did not direct the Marshal to deliver the petitioner forthwith to the United States penitentiary. Moreover, it is clear that here, after sentencing, the petitioner was placed in the custody of the Marshal for surrender back to the State authorities. Hayward v. Looney, supra. The judgment of commitment states that: " * * * the defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of two years on each of Counts 1 and 2, sentences to run concurrently." The Marshal's return on the judgment of commitment states that "The within named Horace L. Vann was produced in the U. S. District Court E. D.N.Y., via Federal Writ H.C. Ad Pros. on January 9, 1958 and after the within sentence was imposed he was immediately returned to Green Haven Prison, Stormville, N. Y. to complete New York State sentence." It is clear that in this case, as opposed to the Swope case, the Marshal's action was entirely proper. In United States v. Kipp, 232 F.2d 147 (7th Cir.1956), the defendant in state custody was produced in federal court pursuant to a writ of habeas corpus ad prosequendum issued under 28 U.S.C. 2241(c) (5). After imposition of sentence in the federal court, but before the defendant was returned to state custody, he sought a writ of habeas corpus to prevent the Marshal from so returning him. The court reversed the lower court's granting of the petition, holding that the state, by surrendering the defendant pursuant to a writ of habeas corpus ad prosequendum, had not relinquished its jurisdiction and that failure to return the defendant to state custody would be a violation of comity and a breach of faith in regard to the representations made by the federal authorities to the state authorities in the writ of habeas corpus ad prosequendum. Since, in the instant case, the court also had jurisdiction of the defendant pursu-

ant to a writ of habeas corpus ad prosequendum, it appears that it was the duty of the Marshal to return Vann to state custody immediately after he was sentenced by this court. See United States v. Harrison, 156 F.Supp. 756 (D.N.J.1957).

■ Since there can be no question of loss of jurisdiction, there remains to be considered only the question of whether the delay in the taking of the petitioner into federal custody affords a basis for vacating his sentence. According to the overwhelming weight of authority, where the court's judgment is that the defendant be imprisoned for a certain term and for any reason, other than death or remission of sentence, time elapses without the imprisonment being endured, the sentence remains valid and subsisting in its entirety. Annot. 72 A.L.R. 1267 (1931). Thus, in Volker v. McDonald, 120 Neb. 508, 233 N.W. 890, 72 A.L.R. 1267 (1931), the petitioner's conviction was affirmed on appeal in 1920, but no attempt to execute the sentence was made until 1930. The defendant argued that he had never been a fugitive and that he had never been notified of the disposition of his appeal. It appeared that, from sometime in 1923 to sometime in 1925, the petitioner had been confined in a federal correctional institution. The court, in denying the petition for habeas corpus, stated:

> "As a matter of law and of practice, however, it does not appear to us that the lapse of time from the affirmance of the judgment to the time when Volker was taken into custody, namely, on January 29, 1930, thereby invalidated the sentence or any part of it, either with or without his knowledge.
>
> " * * * we hold that, where a defendant is convicted and sentenced to a term of imprisonment, and, on appeal, the judgment is affirmed and a mandate issued, but, in the same proceeding, a delay occurs before the defendant is taken into custody, such delay will not invalidate the sentence. In such case,

it appears, on reason and by virtue of the weight of authority, that the judgment can be satisfied only by carrying into effect the sentence imposed by the trial court, and the term of imprisonment does not begin until the time the defendant is taken into custody on the mittimus or incarcerated under the sentence." 233 N.W. at 892.

In United States ex rel. Mayer v. Loisel, 25 F.2d 300 (8th Cir.1928), petitioner had been sentenced to six months imprisonment, but no process was issued enforcing the sentence until more than six months had elapsed. The court held the sentence to be valid and subsisting, finding that mere lapse of time without imprisonment could not constitute service of the sentence imposed by the court.

In Ex parte Silverman, 69 Ohio App. 128, 42 N.E.2d 87 (Ohio 1942), the petitioner argued that failure of the sheriff to lodge him in the state penitentiary within five days after the judgment of his conviction exonerated him from service of the sentence imposed on him. In rejecting this argument the court commented that: "It certainly would be a novel construction to hold that the wrong, if any, of the sheriff cancelled the wrong of the convicted person." Other cases holding that delay in the beginning of service of a sentence does not invalidate it are e. g., Hodges v. Lawrence, 51 Wash.2d 356, 318 P.2d 326 (1957); Mitchell v. Shank, supra; Dixon v. Beaty, 188 Ga. 689, 4 S.E.2d 633 (1939).

■ Nor does petitioner's assertion that, when he was released from Green Haven State Prison on March 29, 1958 and not taken into federal custody, he believed that his sentence had been remitted in response to a letter he had written to this court entitle him to relief. The court in Volker v. McDonald, supra, in rejecting a similar argument stated:

> " 'When a defendant in a criminal action has been convicted and sentenced to a term of imprisonment, and a warrant of commitment has

been issued, and delay occurs before it is executed, if defendant asks for or acquiesces in the delay, then the time which elapses before he is actually taken into custody will not be regarded as part of the sentence.' It does not appear that Volker at any time offered 'to surrender himself to the custody of, the proper officer.' Hence, it follows that the time which elapses before he was 'actually taken into custody' cannot 'be regarded as a part of the sentence' in the present case. To substantially the same effect is Mercer v. Fenton, 120 Neb. 191, 231 N.W. 807 (1930).

"True, while Volker did not request the delay, he was charged with knowledge of the status of his case and thereby he clearly acquiesced in the delay. Counsel observed that Volker assumed that 'the matter had been disposed of in his favor.' But will it be seriously argued that the mere assumption of a material fact by a litigant can be made to take the place of an existing fact? And a litigant is, of course, in the absence of fraud or deceit, clearly bound by the actual status of his case. There is nothing in the record going to show that Volker ever at any time made inquiry of any person or of any court official in respect of the then pending case against him in the district court for Douglas county. The relator's contention of his ignorance of the status of the case and of its disposition, under the facts before us, affords no grounds for his discharge from the penalty of imprisonment imposed by the court." 233 N.W. at 892.

Similarly, in Massey v. Cunningham, 169 Ark. 410, 275 S.W. 737 (1925), the sheriff forbore from requiring the defendant to serve his jail term on promise of good behavior. The fact that the defendant believed that the sheriff had such authority, when, in fact, he did not, did not prevent the defendant from being subsequently required to serve his sentence. To the same effect is Ex parte Oliver, 11 Okla.Cr. 536, 149 P. 117 (1915).

Any prejudice to the defendant, and the court does not find that there was any, could have been avoided by the petitioner merely inquiring into the facts of his case and, on discovering them, by duly surrendering to the federal authorities.

■ From the foregoing it is apparent to the court that the petitioner has in nowise suffered any punishment which may even approach the threshold of cruel and inhuman treatment. If, in fact, the petitioner had not violated State law subsequent to his release from Green Haven State prison on March 29, 1958, he might still be at large. Count 1 to which the defendant plead guilty in this court charged a violation of 18 U.S.C. 1708 under which the maximum punishment authorized is a $2,000 fine or a five year term of imprisonment, or both. Count 2 to which the defendant plead guilty in this court charged a violation of 18 U.S.C. § 495 under which the maximum punishment authorized is a $1,000 fine or a ten year term of imprisonment or both. It was thus within the discretion of the court to fine the defendant a maximum of $3,000 and to imprison him for a term of up to 15 years. Nevertheless, the court imposed only a two year sentence on each count, with the terms to run concurrently. All that has here transpired is that there has been a delay in satisfying the judgment of this court due to the failure of the petitioner to inquire into the facts of his case and duly surrender himself to the federal authorities. Under these facts it cannot be held that the petitioner has suffered anything even remotely resembling a cruel and inhuman punishment.

The application for the writ, construed as a motion under 28 U.S.C. § 2255, is denied. This is an order, a certified copy of which shall be sent by the Clerk to the petitioner.