PER CURIAM.
The state appeals from an order granting appellant’s emergency petition for writ of habeas corpus and ordering his release from custody.[1] We reverse, based upon the following brief analysis. First, to the extent that the grounds raised in the instant petition have been previously considered and rejected by this court, Dearing v. State, 469 So.2d 757 (Fla. 3d DCA 1985) (mem.) (habeas corpus denied), the instant petition was a successive petition for the same relief, which could not properly be entertained by the trial court and was subject to summary denial, Francois v. Wainwright, 470 So.2d 685 (Fla.1985); State ex rel. Scaldeferri v. Sandstrom, 285 So.2d 409 (Fla.1973); State ex rel. Miller v. Kelly, 88 So.2d 118 (Fla.1956). Second, as to the newly raised grounds, a sister state’s dismissal of earlier Florida extradition proceedings did not bar Florida from subsequently enforcing its criminal judgment and sentence against appellant. Ex Parte Silverman, 69 Ohio App. 128, 42 N.E.2d 87 (1942). Nor was there a bar in the five-year delay before appellant’s eventual return to Florida pursuant to a Governor’s warrant (during which time appellant was reincarcerated for 4 years and 10 months for violation of his federal parole). See State ex rel. Shotkin v. Buchanan, 149 So.2d 574, 575 (Fla. 3d DCA 1963).
Reversed.[2]

. A stay of the release provision was ordered by this court.

. We note, however, that appellant is entitled to credit for time served in the sister state pursuant to the earlier, ultimately unsuccessful, Florida detainer.