THOMPSON, APPELLANT, *v.* GANSHEIMER, WARDEN, APPELLEE.

[Cite as *Thompson v. Gansheimer*, 116 Ohio St.3d 349, 2007-Ohio-6666.]

*A violation of the statutory requirement to convey a convicted felon to prison within five days after sentencing is not cognizable in habeas corpus.*

(No. 2007-1398 ─ Submitted December 12, 2007 ─ Decided December 19, 2007.)

APPEAL from the Court of Appeals for Ashtabula County,

No. 2006-A-0086, 2007-Ohio-3477.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a writ of habeas corpus. Because a violation of the statutory requirement to convey a convicted felon to prison within five days after sentencing is not cognizable in habeas corpus and neither invalidates the sentence nor entitles the prisoner to release from sentences for other crimes, we affirm.

{¶ 2} In July 2004, after a jury convicted appellant, Ramon Thompson, of drug possession, preparation of drugs for sale, and possessing criminal tools, the Cuyahoga County Court of Common Pleas sentenced him to an aggregate prison term of 17 months. One month later, in a separate criminal case, the common pleas court sentenced Thompson to an aggregate ten-year prison term on his convictions for felonious assault with firearm specifications and having weapons while under disability. In 2005, the common pleas court sentenced Thompson to six months in prison upon his guilty plea to a drug-possession charge.

{¶ 3} In December 2006, Thompson filed a petition in the Court of Appeals for Ashtabula County for a writ of habeas corpus to compel appellee,

Lake Erie Correctional Institution Warden Rich Gansheimer, to release him from prison. Thompson claimed that he was not conveyed to prison within five days after his 17-month prison sentence was imposed, as required by R.C. 2949.12, and that this defect affected the trial court's jurisdiction to sentence him in the other cases. The warden submitted a motion for summary judgment, which included evidence that Thompson is currently incarcerated on only his ten-year prison sentence. In July 2007, the court of appeals granted the warden's motion and denied the writ.

{¶ 4} In his appeal as of right, Thompson asserts that the court of appeals erred in denying the writ of habeas corpus. He relies on R.C. 2949.12, which provides that "[u]nless the execution of sentence is suspended, a convicted felon who is sentenced to serve a term of imprisonment in a state correctional institution shall be conveyed, within five days after sentencing, excluding Saturdays, Sundays, and legal holidays, by the sheriff of the county in which the conviction was had to the facility that is designated by the department of rehabilitation and correction for the reception of convicted felons."

{¶ 5} For the following reasons, Thompson's assertion lacks merit.

{¶ 6} First, any claimed failure to convey Thompson to prison within the five-day period following sentencing provided in R.C. 2949.12 is not cognizable in habeas corpus. See *Norton v. Green* (1962), 173 Ohio St. 531, 535, 20 O.O.2d 148, 184 N.E.2d 401, construing the similarly worded General Code provision.

{¶ 7} Second, "[t]he requirements of R.C. 2949.12 are merely directory in nature and may not be used to invalidate a defendant's sentence or prevent its enforcement." *State v. Vaughn* (1995), 106 Ohio App.3d 775, 786, 667 N.E.2d 82; see also *Ex Parte Silverman* (1942), 69 Ohio App. 128, 133, 23 O.O. 555, 42 N.E.2d 87, construing the General Code provision. In fact, in his petition, Thompson conceded that R.C. 2949.12 is not mandatory.

**{¶ 8}** Finally, even assuming the invalidity of Thompson's 17-month sentence, he is not entitled to the writ, because he is incarcerated on his ten-year sentence, for which he does not claim any R.C. 2949.12 defect. "Where a petitioner is incarcerated for several crimes, the fact that the sentencing court may have lacked jurisdiction to sentence him on one of the crimes does not warrant his release in habeas corpus." *Swiger v. Seidner* (1996), 74 Ohio St.3d 685, 687, 660 N.E.2d 1214; see also *Haynes v. Voorhies*, 110 Ohio St.3d 243, 2006-Ohio-4355, 852 N.E.2d 1198, ¶ 7.

**{¶ 9}** Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Ramon Thompson, pro se.

Marc Dann, Attorney General, and Diane Mallory, Assistant Attorney General, for appellee.

_____