# Third District Court of Appeal

## State of Florida

Opinion filed July 27, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-367
Lower Tribunal No. F14-700
_____


**Edward R. Brown,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Miguel M. de la O, Judge.

Edward R. Brown, in proper person.

Ashley Moody, Attorney General, for appellee.


Before LOGUE, HENDON and GORDO, JJ.

GORDO, J.

Edward R. Brown appeals a trial court order denying his petition for writ of certiorari. In 2016, Brown was convicted of robbery with a firearm and two counts of attempted second degree murder with a firearm. He was sentenced to a mandatory life sentence on all counts, concurrently, with a ten-year minimum mandatory sentence on the firearm charges. This Court affirmed on direct appeal. See Brown v. State, 263 So. 3d 1121, 1121 (Fla. 3d DCA 2019). In January 2021, Brown filed a petition for certiorari arguing his sentence was illegal because his arrest warrant was not stamped with a court seal for certification. This Court treated the petition as an appeal from the denial of a postconviction motion and affirmed, finding the record conclusively refuted Brown's claim. See Brown v. State, 317 So. 3d 165, 166–67 (Fla. 3d DCA 2021). In May 2021, Brown filed a 3.850 motion alleging newly discovered evidence claiming the State failed to turn over his three arrest warrants. The trial court denied the motion, and this Court affirmed. See Brown v. State, 327 So. 3d 281, 281 (Fla. 3d DCA 2021). Brown subsequently filed a petition for certiorari asking the trial court to reconsider its previous denial of his 3.850 motion, which this Court had affirmed. Id. The trial court denied the petition, and this appeal followed.

This Court has already considered and affirmed the trial court's denial of the issues raised by Brown. "[T]o the extent that the grounds raised in the

2

instant petition have been previously considered and rejected by this court, the instant petition was a successive petition for the same relief, which could not properly be entertained by the trial court and was subject to summary denial." State v. Dearing, 513 So. 2d 232, 233 (Fla. 3d DCA 1987) (internal citations omitted); see also State ex rel. Miller v. Kelly, 88 So. 2d 118, 119 (Fla. 1956). Further, "successive filings of petitions for habeas corpus or writs of certiorari that are, in effect, motions for post-conviction relief," are procedurally barred. Ali v. State, 729 So. 2d 963, 963 (Fla. 3d DCA 1999); see also Duncan v. State, 728 So. 2d 1237, 1237 (Fla. 3d DCA 1999) (finding a post-conviction motion was successive because it attempted "to litigate issues that were, could, or should have been raised either on direct appeal or in his previous motions."). Additionally, as this Court previously noted, "the law is clear that even if Brown's arrest was illegal, this does not void his convictions or sentence." Brown, 317 So. 3d at 166 (citing State v. Perkins, 760 So. 2d 85, 87 (Fla. 2000)); see also State v. Tillman, 402 So. 2d 19, 20 (Fla. 3d DCA 1981) ("An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution nor as a defense to a valid charge.").

Affirmed.